## LATVIAN STATE CARGO & PASSENGER STEAMSHIP LINE v. UNITED STATES.

### No. 47861.

United States Court of Claims.
Feb. 6, 1950.

requisitioned, and that this court has no jurisdiction until this has been done.

■ Defendant relies alone on our decision in Schaffer et al. v. United States, 1949, 86 F.Supp. 145, but in that case we did not decide the question here involved. It would seem, however, that it is within the power of Congress to require parties to exhaust an administrative remedy before resorting to the courts for the determination of the just compensation to which they are entitled under the Constitution Amend. 5. United States v. Lee, 106 U.S. 196, 220, 1 S.Ct. 240, 27 L.Ed. 171; Kaukauna Water-Power Co. v. Green Bay & Mississippi Canal Co., 142 U.S. 254, 12 S.Ct. 173, 35 L.Ed. 1004; Monongahela Navigation Co. v. United States, 148 U.S. 312, 327, 13 S.Ct. 622, 37 L.Ed. 463; United States v. Jones, 109 U.S. 513, 519, 3 S.Ct. 346, 27 L.Ed. 1015; Bauman v. Ross, 167 U.S. 548, 593, 17 S.Ct. 966, 42 L.Ed. 270; Backus v. Fort Street Union Depot Co., 169 U.S. 557, 569, 18 S.Ct. 445, 42 L.Ed. 853; Lynch v. United States, 292 U.S. 571, 581–582, 54 S.Ct. 840, 78 L.Ed. 1434.

In United States v. Jones, supra, 109 U. S. at page 519, 3 S.Ct. at page 350, it was said:

" * * * But there is no reason why the compensation to be made may not be ascertained by any appropriate tribunal capable of estimating the value of the property. There is nothing in the nature of the matter to be determined which calls for the establishment of any special tribunal by the appropriating power.

"The proceeding for the ascertainment of the value of the property and consequent compensation to be made, is merely an inquisition to establish a particular fact as a preliminary to the actual taking; and it may be prosecuted before commissioners or special boards or the courts, with or without the intervention of a jury, as the legislative power may designate. All that is required is that it shall be conducted in some fair and just manner, with opportunity to the owners of the property to present evidence as to its value, and

Horace S. Whitman, Washington, D. C., for the plaintiff.

Edgar T. Fell, Washington, D. C., with whom was Assistant Attorney General H. G. Morison, for the defendant. Grover C. Sherrod, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and WHITAKER, HOWELL, MADDEN and LITTLETON, Judges.

WHITAKER, Judge.

Plaintiff sues for just compensation for the taking of its steamship *Denny*. The defendant has filed a plea to the jurisdiction of the court because, it says, it is not alleged that plaintiff has exhausted its administrative remedy before the Maritime Commission, which is authorized by section 902 of the Merchant Marine Act, as amended, 46 U.S.C.A. § 1242(d), to determine just compensation for any vessel

to be heard thereon. Whether the tribunal shall be created directly by an act of congress, or one already established by the states shall be adopted for the occasion, is a mere matter of legislative discretion. * * *"

Also in Bauman v. Ross, supra, it is said, 167 U.S. at page 593, 17 S.Ct. at page 983: "By the constitution of the United States, the estimate of the just compensation for property taken for the public use, under the right of eminent domain, is not required to be made by a jury, but may be intrusted by congress to commissioners appointed by a court or by the executive, or to an inquest consisting of more or fewer men than an ordinary jury. Curtiss v. [Georgetown & Alexandria] Turnpike Co., 6 Cranch 233, 3 L.Ed. 209; Secombe v. Railroad Co., 23 Wall. 108, 117, 118 [23 L.Ed. 67]; United States v. Jones, 109 U.S. 513, 519, 3 S.Ct. 346 [27 L.Ed. 1015]; Shoemaker v. United States, 147 U.S. 282, 300, 301, 13 S.Ct. 361 [37 L.Ed. 170]; Long Island Water-Supply Co. v. Brooklyn, 166 U.S. 685, 17 S.Ct. 718 [41 L.Ed. 1165.]"

It is true it was said in Monongahela Navigation Co. v. United States, 148 U.S. 312, at page 327, 13 S.Ct. 622, at page 626, 37 L.Ed. 463:

"By this legislation congress seems to have assumed the right to determine what shall be the measure of compensation. But this is a judicial, and not a legislative, question. The legislature may determine what private property is needed for public purposes; that is a question of a political and legislative character but when the taking has been ordered, then the question of compensation is judicial. It does not rest with the public, taking the property, through congress or the legislature, its representative, to say what compensation shall be paid, or even what shall be the rule of compensation. The constitution has declared that just compensation shall. be paid, and the ascertainment of that is a judicial inquiry. * * *"

The same thing has been said in a number of other cases. However, the Merchant Marine Act leaves to the courts the final determination of what is just compensation. Having provided this safe-guard, we can see no constitutional reason why Congress may not have required plaintiff to go to an administrative agency in the first instance. Lynch v. United States, supra.

On the authority of these cases we hold that Congress may require an owner to first pursue his remedy before an administrative tribunal before he has the right to come to the courts for relief.

This would appear to have been Congress' intention in the passage of the Merchant Marine Act. Subsection (d) of section 1242, 46 U.S.C.A. provides: "In all cases, the just compensation authorized by this section shall be determined and paid by the Commission as soon as practicable, but if the amount of just compensation determined by the Commission is unsatisfactory to the person entitled thereto, such person shall be paid 75 per centum of the amount so determined and shall be entitled to sue the United States to recover such further sum as, added to said 75 per centum will make up such amount as will be just compensation therefor, in the manner provided for by sections 41(20) and 250 of Title 28."

■ Under this section an owner whose property has been requisitioned is given the definite right to appeal to the courts to determine just compensation. This right cannot be taken away from him by refusal of the Maritime Commission to act or by its unreasonable delay in acting. It seems obvious that it has not the power to thus set aside a right granted by an Act of Congress.

■ Plaintiff's petition does not allege that the Maritime Commission has refused to act or that it has unreasonably delayed to act; however, it does show that plaintiff's ship was requisitioned on June 1, 1942. That is nearly eight years ago. Such a long delay unexplained we think entitles this plaintiff to come into court and to assert those rights which the Act gave it.

Defendant's plea is overruled.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.