Marion B. ROBINSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 13235.

United States District Court, E. D. New York.

Feb. 9, 1955.

Timen & Waters, New York City, for plaintiff, by Otis Mark Waters, New York City, of counsel.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for defendant, by William Gordon, Ass't U. S. Atty., New York City, of counsel.

BYERS, District Judge.

This case arises under Title 35 U.S.C. § 183, having to do with compensation claimed by the holder of U. S. letters patent against the Government, the granting of the patent having been withheld pursuant to an order of secrecy as authorized by Section 181.

The complaint was filed January 30, 1953 and is now sought to be amended by motion heard January 12, 1955. That is one of the matters now to be decided. The others are:

(a) The defendant's motion to dismiss for lack of jurisdiction or, in the alternative, to have a separate trial of the issues of patentability (heard December 22, 1954); and

(b) The plaintiff's motion, also heard on that day, for discovery and inspection.

Briefs on all matters were filed January 20, 1955.

The motion to amend the complaint is opposed, but not convincingly; the amendment merely asserts the allowance of plaintiff's application for patent Serial

2. See Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949.

No. 418,497 on October 21, 1949 and the placing thereon of an order of secrecy and the consequent withholding, by departmental order dated June 21, 1950.

To allow this does not affect the defendant's objection to the jurisdiction of the court, nor is any complication introduced concerning limitation. It is logically true that if the jurisdictional objection is sound the power to act by way of allowing the amendment necessarily falls; however as a matter of discretion the latter amendment is receiving consideration first, to the end that the complaint in its most ample aspect can then be deemed to be the subject of the defendant's motion as above explained.

In the interests of justice it is believed that the amendment to the complaint should be allowed, and the motion to that effect is therefore granted.

The objection to the jurisdiction under Rule 12(b), Fed.Rules Civ.Proc. 28 U.S.C., brings into question a construction of the statute above referred to under which the action is brought.

As stated, Section 181 provides for an order of secrecy, and for convenience certain of the provisions are quoted:

"Whenever the publication or disclosure of an invention by the granting of a patent, in which the Government does not have a property interest, might, in the opinion of the Commissioner, be detrimental to the national security, he shall make the application for patent in which such invention is disclosed available for inspection to the Atomic Energy Commission, the Secretary of Defense, and the chief officer of any other department or agency of the Government designated by the President as a defense agency of the United States.

\*      \*      \*      \*      \*

"\*  \*  \* If, in the opinion of \*  \*  \* the chief officer \*  \*  \* so designated, the publication or disclosure of the invention by the granting of a patent therefor would be detrimental to the national security, the \*  \*  \* chief officer shall notify the Commissioner (of Patents) and the Commissioner shall order that the invention be kept secret and shall withhold the grant of a patent for such period as the national interest requires, and notify the applicant thereof."

The period of secrecy is one year, which may be renewed.

Section 183 provides for compensation to a patentee whose application is thus withheld, who may

"\* \* \* apply to the head of any department or agency who caused the order to be issued for compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government, resulting from his disclosure."

The complaint alleges the filing on November 10, 1941 of an application for a patent which was assigned Serial No. 418,497, and that on March 1, 1943 it was placed under an order of secrecy; that thereafter the plaintiff tendered to the United States the invention disclosed by the said application which was acknowledged and accepted.

"15. Upon information and belief that the defendant appropriated and used the inventions aforesaid for its own purposes and otherwise \* \* \*."

It is the alleged use by the United States of the disclosure of the said patent which is the statutory basis for this suit.

The pleadings and affidavits, pro and con, disclose the following chronological order of events:

Nov. 10, 1941 Plaintiff's application for patent filed and given Serial No. 418,497.

March 1, 1943 Order of secrecy.

March 6, 1944 Tender of invention to the Government by the plaintiff.

April 14, 1944 Order of secrecy withdrawn and the application for allowance of patent reinstated.

July 30, 1945 Plaintiff's letter to the Secretary of War, which contains the following:

"After consideration of these Claims by the Government and if infringement is found, I am requesting an interview with the Secretary of War, in order to work out a satisfactory settlement without resorting to the Court of Claims."

July 30, 1945 Letter to the Secretary of the Navy to the same general effect as the one to the Secretary of War.

Aug. 23, 1945 Letter acknowledging the above, written by the Director of Patents Section of the Navy, which contains the following:

"It is concluded, therefore, that the Navy Department does not infringe these claims in your patent application."

Sept. 1, 1947 The plaintiff wrote to the Secretary of Defense referring to this same application, in part:

"Under the secrecy order, I desire to obtain payment for the devices covered by the allowed claims, keeping pending my claim under those claims which are now before the Court of Customs and Patent Appeals."

July 28, 1948 Letter from the Chief of Patents Branch Office of the Air Judge Advocate to the plaintiff, stating that an investigation had determined that "no equipment covered by your application for patent above referred to (Serial No. 418,497) was made or used by or for the Army or the Air Force. Your claim for compensation is therefore denied for the Department of the Army and the Department of the Air Force.

"While it is true that your application for patent was at one time placed in secrecy under the provisions of the Act of October 6, 1917, as amended (35 U.S.C. § 42), and that the invention covered by the application was tendered by you for Governmental use, it is not believed that any use of the invention was made. Further, there is no showing of any damage to you caused by the retention of your application for patent in secrecy."

Dec. 15, 1949 The Director of Patents wrote to the plaintiff, in part:

"In a letter dated 23 August 1945, from the Office of Research and Inventions, you were advised that the Navy Department did not infringe any of the then allowed claims of this patent application. Since that time, two additional claims were apparently allowed by the United States Patent Office.

"In view of your recent letters, this matter has again been reviewed, and an investigation covering all devices used by the Navy Department prior to the present date has now been completed. As a result of this investigation, it has been concluded that no devices now in use or heretofore used by the Navy Department are within the scope of any of the allowed claims of your patent application."

Oct. 21, 1949 Notice of allowance of the patent.

June 21, 1950 Order of secrecy.

July 25, 1950 Order of secrecy rescinded.

March 4, 1952 Plaintiff wrote to the Secretary of Defense, in part:

"Pursuant to Public Law 256 (H. R. 4687) entitled 'Invention Secrecy Act of 1951', approved February 1, 1952, the undersigned hereby makes claim, supplementing the claims heretofore made, for damages caused by Order of Secrecy and/or compensation for the use of the invention or inventions disclosed by Patent Applications  *  *  *  (includes Serial No. 418,497 and others).

"I would ask you to indicate, in the absence of published regulations, the procedures required by you for the allowance of the above claims."

April 1, 1952 Letter from the Director of Patents by direction of Chief of

Naval Research, to plaintiff, which includes the following:

"The records of this office indicate that only application Serial No. 418,-497, now issued as patent No. 2,520,-433, was placed under secrecy order, and that the secrecy order was rescinded in approximately one month. No showing has been made that any damages were suffered by Mr. Marion B. Robinson as a result of the secrecy order.

"Claims involving application Serial No. 418,497 were denied by the Departments of the Army, Navy and Air Force in letters to Mr. Marion B. Robinson dated 15 December 1947 and 28 July 1948."

Thus the plaintiff did apply for compensation which was denied for the reason that no departmental use is said to have been made of the disclosure forming part of his patent application.

The question is whether this court has jurisdiction to adjudicate the plaintiff's said claim, there having been no settlement agreement with the agency (here assumed to be the Navy Department) upon which the order of secrecy was based.

Since this plaintiff did unsuccessfully apply for compensation, the provision of the statute which refers to patentees who failed so to apply does not affect him.

Where the departmental inquiry results in a declaration of non-use of the disclosure, the statute does not in terms purport to operate. The question of construction therefore is whether under the showing made here the court can proceed as it would if the settlement agreement had indeed been effected.

The plaintiff's argument that it may be deemed that he has been awarded zero compensation, and may therefore sue in this court, is thus destroyed, for the departmental denial of any use whatever of his patent is obviously not the equivalent of any finding whatever in his favor.

Since the only jurisdiction confided by Congress to the District Court is to assess damages where liability therefor has been departmentally agreed to, it seems clear that adjudication of damages by the District Court in virtue of Tit. 35 U.S.C. § 183 pleaded in this complaint, has not been authorized.

If it be argued that the plaintiff should have his day in court on the issue of whether as a matter of fact his disclosure has been used by the Government, and that he should not be foreclosed by the departmental assertion to the contrary, his remedy might lie under Title 28 U.S.C. § 1498—again in the Court of Claims.

While the result of granting the defendant's motion may seem to be harsh, it is to be remembered that the law in effect when the plaintiff filed his application was Public Law 700, July 1, 1940 which was not substantially different from the present statute. It authorizes the Commissioner of Patents, whenever the publication or disclosure of an invention by the grant of a patent would be detrimental to the public safety or defense, to order that an invention be kept secret and the grant of a patent therefor be withheld, for such period or periods as in his opinion the national interest requires.

In such an instance the applicant affected, if he obeys the terms of the order of secrecy and tenders his invention to the Government for its use, then upon the granting of his patent, shall have the right to sue for compensation in the Court of Claims; also, that the Secretaries of War, Navy or the chief officer of any established defense agency are "authorized to enter into an agreement with the said applicant in full settlement and compromise for the damage accruing to him by reason of the order of secrecy, and for the use of the invention by the Government."

This plaintiff's patent application therefore was filed subject to that statutory restriction, which means that the visitation of its terms upon him amounts to no more than holding him to the performance of the contract he entered into when filing his application for a patent,

in view of the nature of the invention so disclosed.

The later and other statutes merely define the subject-matter with precision, and confer upon the District Court the power to assess damages only in the circumstances above described, and which are absent here.

It follows therefore that the defendant's motion to dismiss under Rule 12(d) must be granted for the reason that jurisdiction of the plaintiff's cause as pleaded, does not pertain to this court.

This disposition of the motion renders unnecessary a decision of so much of the defendant's application as has to do with a separate trial of the strictly patent issues.

The plaintiff's motion for discovery is thus rendered moot for present purposes and does not require a disposition on the merits, since it may be again presented in other litigation if the plaintiff be so advised.

Settle order.