**FARRAND OPTICAL CO., Inc.,**
**Plaintiff,**

v.

**The UNITED STATES of America,**
**Defendant.**

United States District Court
S. D. New York.

Aug. 5, 1955.

Pennie, Edmonds, Morton, Barrows & Taylor, of New York, N. Y., for plaintiff, Willis H. Taylor, Jr., Thomas F. Reddy, Jr., New York City, of counsel.

Lloyd F. MacMahon, U. S. Atty., New York City, for the S. D. of New York, for defendant, Alfred P. O'Hara, Asst. U. S. Atty., New York City, of counsel.

DAWSON, District Judge.

This is a motion by which the defendant seeks an order to dismiss the complaint on the grounds that (1) the complaint fails to state a cause of action and (2) that this Court lacks jurisdiction over the subject matter of the action; or, in the alternative, for summary judgment.

The motion raises primarily the issue as to whether an inventor whose patent application was directed to be kept secret, for purposes of national security, by the proper governmental officials and who alleges that he was damaged thereby and that thereafter the invention was used by the United States may bring an action for compensation under Tit. 35, § 183, U.S.C. in the District Court, without first securing an award from the head of the governmental agency or department which caused the secrecy order to be issued.

The complaint alleges, in substance, that:

In 1943 and 1944, the plaintiff devised a bombsight for use on bombing airplanes and that on or about April 15, 1944, plaintiff disclosed such invention in confidence to the Department of the Air Force, at its request, and thereafter entered into a contract with the Air Force for the manufacture of the bombsight;

That an application for letters patent was filed in the Patent Office on August 19, 1946, and the application was allowed on December 21, 1948;

That the Patent Office, at the request of the Air Force, entered a secrecy order on September 23, 1949 which prohibited unauthorized disclosure of the subject matter of the alleged invention on the ground that such disclosure might be detrimental to the public safety or defense. Such a secrecy order also resulted in the withholding of the grant of the patent. See Tit. 35 U.S.C. § 181.

That the secrecy order remained in effect until December 2, 1954;

That not alone did the plaintiff manufacture the subject of the invention and supply it to the Air Force, but that the Air Force also requested plaintiff to disclose the invention to another manufacturer so that the Air Force would

have a second source of supply for the apparatus embodying the invention, and that plaintiff complied with this request and made such disclosure, all at its expense and for which no compensation has been received by plaintiff;

That the government thereafter made extensive unauthorized use of the apparatus embodying the invention as manufactured by the second manufacturer or others, and that plaintiff has been substantially damaged as a result of such use and by the filing of the secrecy order;

That part of the use has occurred in and by foreign nations as a result of the disclosure of the government in furtherance of the purposes of the Mutual Security Program, Tit. 22 U.S.C.A. § 1751, et seq.;

That plaintiff has sought unsuccessfully since March, 1949 by negotiation with the Department of the Army and the Department of Defense to obtain compensation under the provisions of § 183 of Tit. 35 U.S.C.; and that on March 2, 1954, the Department of Defense offered $30,000. "in full settlement" but that this offer was rejected by the plaintiff

as "grossly inadequate", and that thereafter, negotiations continued without result and without any award being made to the plaintiff or any payment on account of such award being made to the plaintiff.

Plaintiff finally filed this action on May 5, 1955. It seeks compensation for damages caused by the order of secrecy and/or for the use of the invention by the government under the provisions of Tit. 35 U.S.C. § 183 and also compensation for unauthorized use or disclosure of the invention under the Mutual Security Program pursuant to Tit. 22 U.S.C.A. § 1758.

It is the position of the defendant that the complaint fails to state a cause of action in that it does not allege that the plaintiff has exhausted his administrative remedy. This raises the question whether § 183 provides an administrative remedy in the sense in which that word is used when prior exhaustion of such remedy is required as a prerequisite to judicial determination of a case. The section of the statute which is here involved is for convenience set forth in the footnote.[1] The significant sentences on

---

1. "§ 183. *Right to compensation*

"An applicant, his successors, assigns, or legal representatives, whose patent is withheld as herein provided, shall have the right, beginning at the date the applicant is notified that, except for such order, his application is otherwise in condition for allowance, or February 1, 1952, whichever is later, and ending six years after a patent is issued thereon, to apply to the head of any department or agency who caused the order to be issued for compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government, resulting from his disclosure. The right to compensation for use shall begin on the date of the first use of the invention by the Government. The head of the department or agency is authorized, upon the presentation of a claim, to enter into an agreement with the applicant, his successors, assigns, or legal representatives, in full settlement for the damage and/or use. This settlement agreement shall be conclusive for all purposes notwithstanding any other provision of law to the contrary.

If full settlement of the claim cannot be effected, the head of the department or agency may award and pay to such applicant, his successors, assigns, or legal representatives, a sum not exceeding 75 per centum of the sum which the head of the department or agency considers just compensation for the damage and/or use. A claimant may bring suit against the United States in the Court of Claims or in the District Court of the United States for the district in which such claimant is a resident for an amount which when added to the award shall constitute just compensation for the damage and/or use of the invention by the Government. The owner of any patent issued upon an application that was subject to a secrecy order issued pursuant to section 181 of this title, who did not apply for compensation as above provided, shall have the right, after the date of issuance of such patent, to bring suit in the Court of Claims for just compensation for the damage caused by reason of the order of secrecy and/or use by the Government of the invention resulting from his disclosure. The

which the defendant relies read as follows:

"* * * If full settlement of the claim cannot be effected, the head of the department or agency may award and pay to such applicant, his successors, assigns, or legal representatives, a sum not exceeding 75 per centum of the sum which the head of the department or agency considers just compensation for the damage and/or use. A claimant may bring suit against the United States in the Court of Claims or in the District Court of the United States for the district in which such claimant is a resident for an amount which when added to the award shall constitute just compensation for the damage and/or use of the invention by the Government. * * *"

The defendant urges that this provision of the statute requires an "award prior to the bringing of a suit in the District Court and that until some award is made, no action may be instituted." A decision which seems to support this view has recently been handed down in the Eastern District of New York.[2] If this is the effect of this decision, I am constrained to say that I do not agree with it.

■ § 183 does not provide for an administrative determination of a claim in the sense in which administrative determination is customarily employed. The statute does not provide for an administrative hearing, or for a formal decision, or for findings of fact, all of which are customarily present in an administrative determination of the matter. Nor would a determination, to the extent that it was made by the Department of Defense, be of any binding or evidentiary effect, under the statute, in any court proceeding. The statute merely offers an opportunity for a possible settlement to be made between the claimant and the governmental department or agency, and provides that if a settlement is not made, that the department or agency may, before final determination of the matter, pay to the claimant the sum of up to 75% of the amount which the department or agency thinks is just compensation. It is to be noted that the statute does not require the department or agency to make an award or to pay any part of what it thinks is just. The statute uses the permissive word "may" in allowing payment of up to 75% of what the agency or department thinks is just. It does not direct that the department or agency shall have a hearing or make any finding, or even that it shall make an award or that it shall make any determination. Such a statute does not provide for administrative determination in the sense in which that word is ordinarily used in requiring a claimant to exhaust his administrative remedies before he turns to the court.[3]

Moreover, the complaint alleges that the Department of Defense has failed, over a long period of time, to make any award to him. In the Merchant Marine Act, 46 U.S.C.A. § 1242, Congress has provided a procedure for determining the just compensation to be paid to an owner for the taking of his steamship. This section, unlike the one involved in the present action, *directs* the governmental agency (the Maritime Commission) to determine and pay just compensation, but provides that if the amount so determined by the Commission is unsatisfactory to the claimant, he shall be paid 75%

right to compensation for use shall begin on the date of the first use of the invention by the Government. In a suit under the provisions of this section the United States may avail itself of all defenses it may plead in an action under section 1498 of title 28. This section shall not confer a right of action on anyone or his successors, assigns, or legal representatives who, while in the full-time employment or service of the United States, discovered, invented, or developed the invention on which the claim is based. July 19, 1952, c. 950, § 1, 66 Stat. 806.

2. Robinson v. United States, D.C.E.D.N.Y. 1955, 128 F.Supp. 184.

3. See Davis Administrative Law (1951) pp. 561–562; Administrative Procedure Act of 1946, §§ 5, 7, 8, 5 U.S.C.A. §§ 1004, 1006, 1007.

of the award "so determined" and may sue for such additional amount as he thinks proper. Even under this statute, the Courts have held that the plaintiff is permitted to go directly to the Courts when the Commission unreasonably delayed the making of a determination.[4]

To hold, as the government would suggest, that no claimant could bring a suit for additional compensation until some award had been made to him by the department or agency of the government to which the claim was made, would give that department or agency an opportunity to deny a claimant his day in Court. Such a holding would deprive a claimant of his constitutional right to apply to the Court for just compensation for property taken from him. United States Constitution, Amendment V.

Defendant urges as its second point that until an award has been made by the department or agency, plaintiff has no right to sue in the District Court but may sue only in the Court of Claims. It urges that suits in the District Court may be only for an amount in addition to an award made by the department or agency, but that the right to a suit in the Court of Claims is not dependent upon the award and might be brought without an award being made. The part of § 183 to which the defendant refers is the sentence which reads:

> "* * * The owner of any patent issued upon an application that was subject to a secrecy order issued pursuant to section 181 of this title, who did not apply for compensation as above provided, shall have the right, after the date of issuance of such patent, to bring suit in the Court of Claims for just compensation for the damage caused by reason of the order of secrecy and/or use by the Government of the invention resulting from his disclosure. * * *"

It is to be noted that this section allows a suit in the Court of Claims only (1) when the claimant did not apply to the department or agency for compensation and (2) where the patent has been issued. It appears that neither of these conditions exist in the present case and that, therefore, plaintiff acquires no rights under this sentence of the statute.

To say that a claimant who has made a claim for compensation to the department or agency which was responsible for the secrecy order is thereafter forever debarred from bringing an action on the claim unless the department or agency has made an award to him is to assert that Congress intended that the government could forever bar a claimant from his rights by interposing a barrier from which there is no appeal to the Courts. I do not believe that Congress so intended.

Defendant has also moved, pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C., for summary judgment. The motion apparently is based upon the assertion that the invention or information of the plaintiff was made available to Sperry Gyroscope Company on October 2, 1947 and that plaintiff thereby lost all property rights which it had in the invention, since it had made a public disclosure of the invention. Plaintiff urges that it made this disclosure at the request of the government so that Sperry Gyroscope Company, as a prime contractor, could embody the invention in certain apparatus which it was making for the government. Plaintiff further contends that the information was delivered to Sperry Gyroscope Company under a secrecy agreement and that, therefore, it was not a public disclosure. See Board of Trade of City of Chicago v. Christie Grain & Stock Co., 1905, 198 U.S. 236, 25 S.Ct. 637, 49 L.Ed. 1031. Furthermore, plaintiff urges that Sperry Gyroscope Company was "in privity" with it within the meaning of Tit. 22, U.S.C.A. § 1758(a) (2) and that, therefore, there was no public disclosure of the invention by the plaintiff.

4. Latvian State Cargo & Pass. St. Line v. United States, 1950, 88 F.Supp. 290, 115 Ct.Cl. 811; see Southeastern Oil Fla. v. United States, 1953, 115 F.Supp. 198, 127 Ct.Cl. 480.

The contentions of the plaintiff raise issues of fact which cannot be decided on affidavits on a motion for summary judgment.

The motion to dismiss the complaint and for summary judgment is denied.