**Otto HALPERN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
April 19, 1957.

Raymond J. McElhannon, New York City, for plaintiff.

Paul W. Williams, New York City, by Edwin J. Wesely, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

The Government has moved to dismiss without prejudice, or to stay for an indefinite period,[1] an action by the plaintiff under the Inventive Secrecy Act of 1951, 35 U.S.C. § 183, seeking compensation for damage caused by an order of secrecy entered eleven years ago by the defendant in a patent application owned by plaintiff, and compensation for the use of his invention by the Government. After plaintiff filed his patent application on March 5, 1945, a secrecy order was entered by the Commissioner of Patents. On July 5, 1951, plaintiff was informed that his claims were allowed, but that no patent could be issued him because of the secrecy order, pursuant to the terms of 35 U.S.C. § 181. As permitted by 35 U.S.C. § 183, plaintiff applied for an administrative award of compensation, but received none. He now seeks a remedy in this court.

The basis advanced for the Government's motion is a formal claim of privilege by the Secretary of the Navy, in which he states that he has personally considered the technical matters presented by the complaint and has determined that "the plaintiff's patent application and all documents, statements and testimony which relate, or may relate, to the technical subject matter thereof * * * are military and naval secrets, classified as such at my personal direction. Production or release of this classified information would seriously hamper the administration of the Navy's research program, would prejudice the security of

---

1. "* * * until such time as the potential enemies of the United States have the secret of the technical matters involved herein or until international conditions are more settled * * *". The Government has also moved in the alternative for "summary judgment without prejudice". But the summary judgment procedure deals only with the merits, and if granted in favor of a defendant the judgment is in bar and not in abatement. See 6 Moore's Federal Practice (2d ed.) § 56.03 at page 2025.

the United States and would not be in the public interest." An affidavit by the Judge Advocate General of the United States Navy similarly indicates that the production of such material would constitute production of security information to the prejudice of the security of the United States. And an affidavit by the Director of the Patents Legal Division, Office of Naval Research, Department of the Navy, states that the plaintiff's patent application still bears a military security classification of "confidential" and that "the Secrecy Order cannot be rescinded or modified at this time to permit a determination by a competent court of the rights of [the plaintiff] without possible prejudice to the national security."

■ There can be no gainsaying the right of the Government to claim the privilege against the disclosure of military and naval secrets when such information is sought under legal process. United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727. A privilege is an exemption from the testimonial duty, allowed by law. But the Government, through its officers, is not yet under a testimonial duty. The defendant has not sought the production of any information nor is there yet any issue on the necessity for testifying or on the admissibility of any evidence. The claim of privilege is clearly premature. Nor is it a justification for the dismissal or indefinite postponement of a trial that the party who chooses to invoke it will thereby preclude itself from proving its defenses. It is hornbook law that a claim of privilege is personal to the one invoking it; it is relevant to the plaintiff here only in so far as it may prevent him from adducing the testimony he requires to prove his case.

The real issue in the case may be derived from the Government's argument that, inasmuch as the plaintiff's claim and the Government's defenses are grounded in military and naval secrets, it is impossible to hold a trial until such time as the revelation of these secrets does not aid potential enemies of the United States. But this statement of the question begs it. The very issue is whether the statute under which suit is brought authorizes plaintiff to proceed before the rescinding of the secrecy order. If the plaintiff is authorized to proceed under the statute, it is no answer to say that the subject matter of the action involves military and naval secrets. But if the plaintiff may not proceed because of the military and naval secrets involved, the reason must be that the statute does not authorize his action until the lifting of the secrecy order.

The plaintiff's position is that 35 U.S.C. § 183 does authorize him to proceed before the rescinding of the secrecy order. It involves a change from the law formerly in effect,[2] whereunder an applicant whose patent was withheld under a secrecy order was given the right to sue for compensation in the Court of Claims "if and when he ultimately receives a patent * * *". Inasmuch as no patent could issue while a secrecy order was in effect, the requirement of the statute obviously included the lifting of the secrecy order as a prerequisite to suit. But under 35 U.S.C. § 183, presently in effect, alternative procedures are set up by which a claimant may secure compensation for injury resulting from a secrecy order. "One procedure is to wait until the issuance of a patent and then sue in the Court of Claims. This remedy is, however, limited to those claimants 'who did not apply for compensation' to the head of the appropriate department or agency. The other procedure is to apply to the department or agency; and if an agreeable settlement is not arrived at, to sue in the District

---

**2.** 35 U.S.C. § 42, derived from an act of October 6, 1917, 40 Stat. 394, 65th Cong., 1st Sess. as amended by 54 Stat. 710, 76th Cong. 3rd Sess. 1940. The present 35 U.S.C. § 133, enacted on July 19, 1952 as a part of the general revision of that title, 66 Stat. 806, was derived substantially unchanged from the former § 153, enacted on February 1, 1952, 66 Stat. 4.

186

Court or the Court of Claims 'for an amount which when added to the award shall constitute just compensation.'" Robinson v. United States, 2 Cir., 236 F. 2d 24, 27. And it was held in the cited case that the fact that no award was administratively allowed does not preclude suit in the District Court. The plaintiff has followed the second procedure, which appears to differ from the first not only in the application for an award from the administrative agency, but also in that there is no express requirement that the applicant wait until the issuance of a patent. In any event, it is certain that an applicant need not await the issuance of a patent before he can apply administratively for compensation,[3] and "the alternative remedy which the claimant may pursue either in the District Court or in the Court of Claims is available to all those who did so apply for compensation * * *". Robinson v. United States, supra, 236 F. 2d at page 27. Therefore, it is argued, since the plaintiff is no longer obliged to await the issuance of the patent in order to pursue his remedy in the District Court, and since the patent issues immediately upon the rescinding of the secrecy order, not only has there been eliminated from the law the implicit requirement that he may not bring an ac-

tion until the lifting of the secrecy order, but the statute must affirmatively contemplate action before that time.[4]

But the plaintiff concedes that his suit involves military and naval secrets and that such matters are not to be made public. However, because 35 U.S.C. § 183 must be regarded as an enabling statute for this type of action involving national security matters, it must be concluded that Congress contemplated a remedy consistent with the national security. Such a remedy would be a trial to the court, without a jury, in camera, with the District Judge being an individual to whom the plaintiff, as a principal referred to in "permit A" accompanying the secrecy order, is authorized to disclose the subject matter.[5]

■ The Government takes no explicit position on the construction of 35 U.S.C. § 183. Indeed, it seems to concede that the plaintiff is in compliance with the terms of the statute, but insists nevertheless that a trial is impossible during the pendency of the secrecy order, for reasons of national security. The plaintiff's analysis has a logical persuasiveness, but nevertheless, I am constrained to agree basically with the Government. For the plaintiff's analysis, even if it is accurate, stands up only if it can be properly concluded that the stat-

3. "An applicant * * * whose patent is withheld as herein provided, shall have the right, beginning at the date the applicant is notified that, except for such order, his application is otherwise in condition for allowance, or February 1, 1952, whichever is later, and ending six years after a patent is issued thereon, to apply to the head of any department or agency who caused the order to be issued for compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government, resulting from his disclosure. * * *" 35 U.S.C. § 183.

4. It is, of course, true that a statutory requirement permitting suit only after receipt of a patent requires also the prior rescinding of a secrecy order. But a statutory provision permitting suit before the receipt of a patent necessarily eliminates the requirement for a rescinding of the order only if it is true that the rescind-

ing of the order is followed immediately, if not automatically, by the issuance of the patent. But see Farrand Optical Co. v. United States, D.C., 133 F.Supp. 555, and footnote 6, infra.

5. "An order of secrecy having been issued in the above-entitled application by the Commissioner of Patents, the principals as designated in said order are authorized to disclose the subject matter to any person of the classes hereinafter specified if such person is known to the principal disclosing to be concerned directly in an official capacity with the subject matter, provided that all reasonable safeguards are taken to otherwise protect the invention from unauthorized disclosure. The specified classes are:—
"(a) Any officer or employee of any department, independent agency, or bureau of the Government of the United States. * * *"

ute impliedly authorizes *in camera* procedure. That procedure is so extraordinary in our system of law that a direction to follow it ought not to be inferred. At least it ought not to be inferred from legislation such as that under consideration; for the conclusion is inescapable that had Congress intended the scheme argued by the plaintiff, it would have expressly authorized an extraordinary and indispensable element of it. Moreover, I am not persuaded that a District Judge is one to whom the principals to the secrecy order are authorized to make a disclosure. See footnote 5. In United States v. Reynolds, supra, although the case involved the privilege of the Secretary of the Air Force against revealing military secrets in discovery proceedings, the Supreme Court indicated that even the court might jeopardize the national security by examining the evidence *in camera*. And even an *in camera* trial to the court in this case would involve a deputy clerk of the court, a court reporter, and quite possibly the judge's law clerk and his secretary. Such a resolution of the dilemma posed is highly unsatisfactory, as not sufficiently jealous of the national security. Of course, a trial publicly disclosing the subject matter here involved is inconceivable, for it would vitiate entirely the legislative scheme in the interest of national security.

The statutory construction adopted can hardly be described as a satisfactory resolution of the dilemma, but dilemmas are by definition incapable of satisfactory resolution, involving at best the choice of the lesser evil. Unquestionably, plaintiff's day in court is delayed for a period of time not presently ascertainable. But it cannot be concluded that he will be deprived of his day in court, or that he is being deprived of his constitutional right to apply to the court for just compensation for property taken from him. When the interest of the national security is weighed against the admittedly legitimate interest of the plaintiff in a promptly available or at least a reasonably ascertainable day in court, the former must tip the balance. No doubt the plaintiff is thereby called upon to make a heavy sacrifice in the interest of national security; but in my view, the alternative of sacrificing the interest of national security to the interest of the plaintiff is unthinkable.

■ I hold, therefore, but not without misgivings for the road traveled, that 35 U.S.C. § 183 does not permit the maintenance of suit in the District Court during the pendency of the secrecy order.[6] Accordingly the Government's motion will be treated as a motion under Rule 12(b) (1), Fed.Rules Civ.Proc. 28 U.S.C. to dismiss without prejudice on the ground of lack of jurisdiction over the subject matter, and granted.

---

6. Because it appears that the issuance of the patent has been withheld solely by the existence of the secrecy order, it has been assumed, without any dispute between the parties on the issue, that a rescinding of that order would result in the immediate issuance of a patent. On this assumption and on the basis of the reasoning here employed, for all practical purposes suit could not be instituted until the issuance of the patent. But the assumption that the lifting of the secrecy order and the issuance of the patent will be practically simultaneous may be incorrect. At least it appears in Farrand Optical Co. v. United States, D.C., 133 F.Supp. 555, in a suit under 35 U.S.C. § 183 where a secrecy order resulted in the withholding of the grant of the patent, that suit was filed after the rescinding of the secrecy order but before the issuance of the patent. Consequently, the holding in this case is confined to precluding the maintenance of suit before the rescinding of the secrecy order.