AMERICAN TELEPHONE AND TELE-
GRAPH COMPANY, Western Electric
Company, Incorporated, and Bell Tele-
phone Laboratories, Incorporated

v.

The UNITED STATES.

No. 587–81C.

United States Court of Claims.

Aug. 11, 1982.

James A. Curley, Washington, D. C., at-
torney of record, for plaintiffs. Joel Hir-
schel, New York City, and Michael B. Ein-
schlag, Jackson, N. J., of counsel.

Thomas J. Scott, Jr., Washington, D. C.,
with whom was Deputy Asst. Atty. Gen.,
Stuart E. Schiffer, Washington, D. C., for
defendant. Vito J. DiPietro, Dept. of Jus-
tice, Earl T. Reichert, U. S. Army, and
Michael J. Barrett, C. I. A., Washington, D.
C., of counsel.

Before DAVIS, KASHIWA and BEN-
NETT, Judges.

ON PLAINTIFFS' MOTION TO STRIKE OR FOR
PARTIAL SUMMARY JUDGMENT

BENNETT, Judge:

This case comes to us on plaintiffs' mo-
tion to strike part of defendant's answer,
or, in the alternative, for partial summary
judgment. The sole issue before us at this
time is when does the statute of limitations
for bringing suit begin to run in an action
for compensation under the Invention Se-
crecy Act of 1951, 35 U.S.C. § 183. Since
we agree with plaintiffs that the period for
bringing suit did not begin to run until the
patent was issued, we grant plaintiffs' mo-
tion for partial summary judgment.[1]

On December 24, 1948, a patent applica-
tion, Serial No. 67,210, entitled "Communi-
cation System," was filed in the name of

---

1. Under Rule 38(f), this court may strike from
any pleading an insufficient defense. Given the
amount of consideration we have dedicated to
the issue presented herein, we find it appropri-
ate to treat the motion as one for partial sum-
mary judgment (Rule 101). Although this
court generally disfavors the use (before pre-
trial) of partial summary judgment, *Decca Ltd.*

*v. United States*, 204 Ct.Cl. 907 (1974), we have
held that where the resolution of a fairly nar-
row legal question, requiring no further "factu-
al ventilation," will help clarify the issues, par-
tial summary judgment may be appropriate.
*Cities Service Helex, Inc. v. United States*, 211
Ct.Cl. 222, 233, 543 F.2d 1306, 1312–13 (1976).

William M. Goodall, with Bell Telephone Laboratories, Inc., named as assignee.[2] On April 14, 1949, the Armed Services Patent Advisory Board recommended that the patent application be placed in secrecy pursuant to 35 U.S.C. § 42 (now 35 U.S.C. § 181). On May 18, 1949, the Commissioner of Patents mailed an order of secrecy, dated May 13, 1949.[3]

On April 28, 1954, a Notice of Allowability (NOA) was entered with respect to the patent application, but due to the secrecy order it would be withheld from issue during such period as the national security required.

On June 13, 1975, the Commissioner of Patents rescinded the secrecy order at the request of the National Security Agency. On November 9, 1976, the application was issued as U. S. Patent No. 3,991,268, entitled "PCM Communication System with Pulse Deletion," to Bell Laboratories.

On September 29, 1981, plaintiffs filed their petition in this court. Plaintiffs' first claim for relief was based on 35 U.S.C. § 183 (hereafter, section 183), which grants a right of compensation to an applicant whose patent is withheld pursuant to a secrecy order. Defendant, in its answer, raised the affirmative defense that plaintiffs' section 183 claim was barred, in whole or in part, by the 6-year statute of limitations under 28 U.S.C. § 2501 (hereafter, section 2501). Plaintiffs then brought the present motion before this court, and both parties have amply briefed the issues before us.

We are aware of no case to date which has addressed the question of when the statute of limitations begins to run in a section 183 action. Only a few cases have dealt with the operation of section 183, and none have discussed the question now before us. The statute itself is less than a model of clarity, and the legislative history, such as it is, offers little in the way of clarification. Nevertheless, what resources are available lead us to the conclusion that the statute of limitations defense cannot stand, given the facts of this case.

A logical starting point is an examination of the relevant statutes. Section 183, in relevant part, is set out below. Numbers have been added to each sentence to facilitate later reference.

§ 183. Right to compensation

■ An applicant * * * whose patent is withheld as herein provided, shall have the right, beginning at the date the applicant is notified that, except for such order, his application is otherwise in condition for allowance, * * * and ending six years after a patent is issued thereon, to apply to the head of any department or agency who caused the order to be issued for compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government, resulting from his disclosure. [2] The right to compensation for use shall begin on the date of the first use of the invention by the Government. [3] The head of the department or agency is authorized, upon the presentation of a claim, to enter into an agreement with the applicant * * * in full settlement for the damage and/or use. [4] This settlement agreement shall be conclusive for all purposes notwithstanding any other provision of law to the contrary. [5] If full settlement of the claim cannot be effected, the head of the department or agency may award and pay to such applicant * * * a sum not exceeding 75 per centum of the sum which the head of the department or agency considers just compensation for the damage and/or use. [6] A claimant may bring suit against the United States in the Court of Claims or in the District Court of the United States for the district in which such claimant is a resident for an amount which when added to the award shall constitute just compensation for the damage and/or use of the inven-

---

2. Only those facts which relate to the statute of limitations issue will be discussed.

3. The order stated that plaintiff was not to disclose or publish the invention without first obtaining the written permission of the Commissioner of Patents.

tion by the Government. [7] The owner of any patent issued upon an application that was subject to a secrecy order issued pursuant to section 181 of this title, who did not apply for compensation as above provided, shall have the right, after the date of issuance of such patent, to bring suit in the Court of Claims for just compensation for the damage caused by reason of the order of secrecy and/or use by the Government of the invention resulting from his disclosure. [8] The right to compensation for use shall begin on the date of the first use of the invention by the Government.

As this court has recently noted, section 183 "establishes two separate routes for obtaining compensation which differ in their definition of who may seek relief." *Constant v. United States*, 223 Ct.Cl. 148, 153, 617 F.2d 239, 241 (1980). The first part of section 183 (consisting of the first six sentences) provides the authority for an administrative settlement of a claim for compensation based upon damages sustained by reason of the secrecy order and/or government use. The first sentence, by its terms, enables an applicant to apply to a department head from the date of the NOA to 6 years after the date of issuance of the patent. If a satisfactory settlement cannot be reached, an applicant may seek judicial relief in either this court or an appropriate district court. It has been previously held that an applicant may obtain judicial consideration under this first route where no relief is granted by the agency[4] and that the requirement of exhaustion of administrative remedies does not apply in its usual sense.[5]

The second route available to an applicant (sentences 7 and 8) provides for direct access to this court where the administrative remedy is not pursued. As we stated in *Constant*, "The only textual prerequisites for suit under this portion of section 183 are [1] that the patent application be subject to a secrecy order, [2] that the claimant not have applied for administrative relief, and [3] that the patent shall have issued." (Numbers added.) 223 Ct.Cl. at 154, 617 F.2d at 241. Furthermore, the statute does not state a preference for either of the two routes (potentially) available to an applicant. As noted in *Constant*, "Congress expressly provided a judicial remedy for those who intentionally failed or refused to pursue the administrative route. Section 183 does not indicate that the administrative remedy is the dominant one." 223 Ct.Cl. at 157 n.12, 617 F.2d at 243 n.12.

It is this second route which plaintiffs have chosen in the instant action. Plaintiffs allege, and defendant agrees,[6] that plaintiffs have never applied for administrative relief as a result of the imposition of the secrecy order. Thus, it would appear to be undisputed that plaintiffs have met all of the textual prerequisites for instituting an action under the second route of section 183.

The subject of controversy centers on when the statute of limitations began to run on plaintiffs' section 183 action. Defendant argues that the period started on the date of the issuance of the NOA (April 28, 1954)—allegedly the first time plaintiffs could have brought an action. Plaintiffs argue that the period began on the date of the issuance of the patent (November 9, 1976), which is in complete conformity with the dictates of the second route provided by section 183.

The legislative history of section 183 does little to illuminate the question before us.

---

4. *Robinson v. United States*, 236 F.2d 24 (2d Cir. 1956).

5. *Farrand Optical Co. v. United States*, 133 F.Supp. 555, 558 (S.D.N.Y.1955). In this case the plaintiff tried for over 6 years to reach a settlement with the Department of Defense. No award or payment was ever made to plaintiff prior to plaintiff's suit in district court. The court held that the failure of the department to grant an award could not be used to forever bar judicial review.

6. Although defendant seems to concede that plaintiffs have never sought administrative relief, defendant uses this fact for the premise that plaintiffs have not been diligent in pursuing their right to compensation under section 183.

The present statute, 35 U.S.C. §§ 181–188, known as the Invention Secrecy Act of 1951, 66 Stat. 806, was enacted on July 19, 1952, and is virtually identical to a statute of the same name passed a few months earlier. 66 Stat. 4, former 35 U.S.C. §§ 151–159. Prior to these acts there was an Act of July 1, 1940, 54 Stat. 710, which was an extension of an Act of October 6, 1917, 40 Stat. 394, and which applied only to secrecy orders on inventions during time of war (at least this was the original intention). The Act of 1940 permitted an applicant to sue for compensation in this court "if and when he ultimately receives a patent," and also permitted an administrative agreement in "full settlement and compromise."

The Senate Report was essentially the same as the House Report and reads, in pertinent part, as follows:

> [Section 183] prescribes a 6-year statute of limitations. It does not require tender of the invention to the Government precedent to recovery of compensation, nor does it defer presentation of a claim for compensation until after a patent issues on the application. * * * The owner who fails to secure a satisfactory award or who does not apply for compensation may bring suit in the Court of Claims. The 6-year statute of limitations is incorporated to preclude the collection of old claims from the Government, and conforms with the statute of limitations on suits in the Court of Claims. Under Public Law 700 [the 1940 Act] no statute of limitations was provided for the collection of outstanding claims for an unreasonable length of time. [S.REP.No. 1001, 82d Cong., 1st Sess., *reprinted in* [1952] U.S. CODE CONG. & AD.NEWS 1321, 1323.]

Both plaintiffs and defendant use the Senate Report as legislative history to advance their positions. Plaintiffs focus on the statement that the 6-year statute of limitations "conforms" with the statute of limitations for claims in this court.[7] Plaintiffs point out that, if defendant's position is sustained, claims of governmental use arising more than 6 years (the period prescribed in section 2501) before the patent issued would be barred if the second route is chosen. Plaintiffs state that this result would produce a conflict with section 183 (sentence 8), where it is stated that the right to compensation begins on the date of first use. Plaintiffs therefore argue that the statutes should be construed *in pari materia*—*i.e.*, we should adopt the position that the statute of limitations did not begin to run until the patent issued. Defendant, on the other hand, emphasizes the statement that the 6-year statute of limitations is "incorporated to preclude the collection of old claims." Plaintiffs, if successful, could conceivably collect damages resulting from events going back to 1948 (the first possible instance of government use).

The only other statute which concerns us is the statute of limitations for filing claims in this court. Section 2501, in pertinent part, reads as follows: "Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." It has long been held by this court that a claim first accrues on the date when all the events have occurred which fix the government's liability and entitle a claimant to institute an action. *See, e.g., Sauer v. United States*, 173 Ct.Cl. 642, 354 F.2d 302 (1965); *Oceanic S.S. Co. v. United States*, 165 Ct.Cl. 217 (1964).

As mentioned, it is defendant's position that the 6-year statute of limitations of section 2501 began on the date of the issuance of the NOA. Since this occurred on April 28, 1954, all of plaintiffs' claims under

---

7. We find the reference in the Report to the "6-year statute of limitations" prescribed in section 183 to be puzzling. The only reference in section 183 to "six years" refers to *part* of the period in which an applicant may seek administrative relief (see sentence 1). Since an NOA must precede the date of issuance of a patent, the period "prescribed" would inevitably result in a period greater than 6 years (*i.e.*, from the date of the NOA to 6 years after the patent issues). Furthermore, the phrase "statute of limitations" conventionally refers to the period in which to file a judicial, not an administrative, claim.

section 183 which are based on injuries occurring more than 6 years before plaintiffs filed this action would be time barred. At the heart of defendant's argument is the proposition that for the purposes of section 2501, the right to bring a section 183 action must be considered to accrue at the first time that one of two compensation routes is available. Once this occurs, any claim for further use or injury should be considered to accrue on the date of that occurrence. Any other interpretation of section 183 and section 2501, defendant alleges, would emasculate the policies underlying the statute of limitations.

Defendant claims that plaintiffs had a clear entitlement to an action in this court as early as April 1954 (when the NOA was entered), once they applied for compensation to the agency which caused the secrecy order to issue. Assuming plaintiffs could have brought an action at this time,[8] defendant argues that plaintiffs cannot use their own inaction as grounds for "tolling," and therefore defeating, the statute of limitations. *See Reading Co. v. Koons*, 271 U.S. 58, 63–65, 46 S.Ct. 405, 407, 70 L.Ed. 835 (1926).

The necessary consequence of defendant's position is that where, as here, an application for a patent, subject to a secrecy order, is not issued as a patent until more than 6 years after the date of the NOA, the only method of insuring that all possible claims for compensation under section 183 are timely is to pursue the administrative route.[9] What defendant fails to explain adequately is why Congress, in enacting

section 183, expressly decided to provide applicants with a choice between two separate routes for compensation. As mentioned, in *Constant* this court stated that an applicant, under section 183, was expressly given the option of foregoing the administrative route, and there is nothing to indicate that the administrative route was to be favored.

Defendant, citing *Constant*, states that the second route was primarily intended for claimants whose applications were not withheld from issue (by reason of the secrecy order) and therefore only under secrecy for a short time. Nowhere in *Constant* is there the statement or implication that the second route was specifically designed to cover this situation.[10] It is interesting to note that when *Constant* was decided only 2 years ago, it was defendant's position that where an application was not withheld from issue, no claim under section 183 is permitted. Now defendant would have us believe that this was the *primary* intent of the second route of section 183.

Congress could have had any number of reasons for providing a second route for compensation dependent upon the issuance of the patent. It should be remembered that prior to the Invention Secrecy Act of 1951, the issuance of a patent was a prerequisite to recovery. The difficulties in pursuing a claim when the patent application is still covered by a secrecy order are obvious[11]—a patent, however, can only be issued after the order is rescinded. Also, when an application is still subject to secrecy, any number of new claims could arise

---

**8.** Defendant seems to imply that an applicant may make only a perfunctory attempt at administrative settlement before instituting an action under the first route of section 183. Since the NOA was issued in April 1954, this was the first time that plaintiffs could seek administrative relief under section 183, and defendant seems to be saying that an applicant can immediately bypass the agency and seek judicial relief. While we agree with the holding in *Farrand* that a claimant could institute an action where he tried unsuccessfully for over 6 years to reach an administrative settlement, we do not think that Congress intended that the

administrative route be treated as a mere formality.

**9.** Defendant specifically asserts that this is its position.

**10.** Our holding in *Constant* was that a claimant could bring an action under the second route of section 183 even though the secrecy order did not result in a delay in the issuance of the patent.

**11.** *See Halpern v. United States*, 258 F.2d 36 (2d Cir. 1958), for a discussion of some of the attendant problems.

after the conclusion of trial.[12] In the final analysis, any speculation on our part for the rationale underlying section 183's alternate routes of compensation is insignificant in light of the fact that Congress, for whatever reason, expressly provided for the route chosen by the plaintiffs.

■ We believe that defendant's position must fail since the 6-year statute of limitation of section 2501 does not begin to run until the claim "first accrues." As mentioned, a claim first accrues when all of the events have occurred which (1) fix the government's liability, and (2) entitle the claimant to institute an action. It is on the basis of this second requirement that we hold that the claim first accrued when the patent was issued. Defendant would have us hold that since plaintiffs could have brought an earlier action, plaintiffs were required to do so to avoid the running of the statute of limitations. Defendant's view, of course, is contrary to the alternatives provided by the Act and would render the second alternative meaningless.

A necessary prerequisite to the bringing of an action under the first route of section 183 is that an applicant first attempt an administrative settlement. If an applicant does not attempt such a settlement, then no action may be brought until the patent issues. As mentioned, plaintiffs chose to forego the administrative route. Under the literal language of section 183, then, all of the events which would entitle plaintiffs to institute an action did not occur until the patent was issued.[13]

Defendant states that the "essence" of its position is the theory that a claim under section 183 is a "continuing claim" which produces a new cause of action with each instance of governmental use or injury resulting from the secrecy order.[14] Defendant bases this position, in part, on the fact that (1) Congress has not entrusted an administrative tribunal with the determination of a claimant's eligibility for an award,[15] and (2) this court considers and decides the merits of a section 183 claim de novo. For the most part, however, defendant bases this theory on an analogy between section 183 and 28 U.S.C. § 1498 (hereafter, section 1498), which allows an owner to bring an action against the government for patent infringement.

While we have held in some cases that each instance of governmental use produces a new cause of action under section 1498,[16] we do not find that a discussion of this issue is necessary to our holding in this case.[17] This "continuing claim" theory is only relevant if we accept defendant's position that the statute of limitations began to run on the date of the NOA. Since we hold that the action first accrued when the patent issued, the "continuing claim" characterization would not change the result in this case.[18]

---

**12.** This is particularly true if defendant's "continuing claim" theory (discussed later) is accepted.

**13.** See Friedman v. United States, 159 Ct.Cl. 1, 9, 310 F.2d 381, 386, cert. denied sub nom. Lipp v. United States, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963), where this court stated "in appropriate cases conditions precedent to the accrual of a cause of action can be established by statute, * * * and that where such a condition precedent has been created the claim does not ripen until the condition is fulfilled." (Citation omitted.)

**14.** See Friedman, 159 Ct.Cl. at 6–8, 310 F.2d at 384–85, for a discussion of the "continuing claim" theory.

**15.** Defendant presumably bases this statement on Farrand, 133 F.Supp. at 558. See also Robinson, 236 F.2d at 27–28.

**16.** Calhoun v. United States, 173 Ct.Cl. 893, 354 F.2d 337 (1965); Irving Air Chute Co. v. United States, 117 Ct.Cl. 799, 93 F.Supp. 633 (1950); but see Regent Jack Mfg. Co. v. United States, 167 Ct.Cl. 815, 337 F.2d 649 (1964).

**17.** See Robinson, 236 F.2d at 27, for a discussion of some of the differences between section 183 and section 1498.

**18.** Defendant has not been consistent in defining what it means by a "continuing claim." As mentioned, in its original brief it uses this theory to mean that each instance of use produces a new cause of action. In its supplemental brief, however, defendant uses this theory to mean that continuing use does not result in multiple causes of action.

Also, it should be noted that a statute of limitations which is based on incidents of gov-

Finally, defendant argues that allowing plaintiffs to bring a claim where damages could relate to events going back as far as 1948 would "emasculate" the policies underlying the statute of limitations. Defendant therefore states that we should hold that the statute of limitations in this case began to run in April 1954 (when the NOA was issued). To allow plaintiffs to recover under the second route of section 183, defendant argues, would mean that a plaintiff could sue at his convenience, which is repugnant to the underlying policies of section 2501.

While it may be true that plaintiffs could have brought an action before the issuance of the patent (by choosing the administrative route), it was not plaintiffs' own actions which produced a 22-year delay between the date of the NOA and issuance of the patent. Rather, it was the long period of the pendency of the secrecy order—imposed by the government to further the ends of national security—which resulted in such a long lapse of time. This case, therefore, does not involve a situation where a plaintiff has attempted to bypass the statute of limitations through the manipulation of events of his own choosing. Congress has expressly provided two independent routes to compensation in section 183, and we see no reason why plaintiffs should be penalized for choosing a course of action expressly sanctioned by statute.

■ Upon consideration of the parties' submissions, without oral argument, we hold that plaintiffs' claim under 35 U.S.C. § 183 is not barred by the statute of limitations. Plaintiffs' motion for partial summary judgment to that effect is therefore granted. The case is remanded to the trial division for further proceedings.

ernmental use during the pendency of a secrecy order would create serious problems of notice (unlike a section 1498 claim, where no secrecy issue would exist, as the patent must have issued), as it is not reasonable to assume that a claimant could document instances of such use while the order is still in effect.