**Seymour STEIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ.A. 98–11682–WGY.**

United States District Court, D. Massachusetts.

March 4, 1999.

Abraham Ogman, Attorney at Law, Delray Beach, FL, for Seymour Stein, plaintiff.

Susan M. Poswistilo, Susan M. Poswistilo, United States Attorney's Office, Boston, MA, Cameron Elliot, Department of Justice, Commercial Litigation Branch, Washington, DC, for US, defendant.

YOUNG, Chief Judge.

## I. FACTUAL BACKGROUND

On October 30, 1972, Seymour Stein ("Stein") filed a patent application ("the Application") entitled "Locating," Serial

Number 5/301, 945, with the Patent and Trademark Office. This Application described a basic technique for locating broad classes of radio emitters using receivers located on one or more moving platforms. On April 9, 1973, the Commissioner of Patents, at the request of the Department of the Army ("the Army"), imposed a secrecy order on the Application because disclosure of its contents by the grant of a patent would be detrimental to national security.

Stein alleges that, since 1974, the United States has been using his described and claimed invention in numerous projects, including, but not limited to, CHAALS, SUNDANCE, ELOQUENCE, OLYMPI-AD, and DGSS. Consequently, he seeks compensation for such use. On November 1, 1997, pursuant to 35 U.S.C. § 183, Stein sent a demand for compensation to the Army. After waiting for nine months and nine days to no avail, Stein filed his complaint with this Court on August 10, 1998.

The United States now moves to dismiss this complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Specifically, the government claims that Stein is ineligible to bring this suit because of his failure to exhaust the administrative remedies available to him. *See* 35 U.S.C. § 183.

## II. ANALYSIS

### A. Standard of Review

In reviewing a motion to dismiss, the Court must "take the allegations in the complaint as true and grant all reasonable inferences in favor of the plaintiff." *Monahan v. Dorchester Counseling Ctr.*, 961 F.2d 987, 988 (1st Cir.1992). The Court may grant dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roeder v. Alpha Indus.*, 814 F.2d 22, 25 (1st Cir. 1987).

### B. Exhaustion of Administrative Remedies Under 35 U.S.C. § 183.

▮ The United States urges this Court to dismiss this complaint because Stein has failed to exhaust his administrative remedies under 35 U.S.C. § 183. Section 183 provides a statutory scheme for monetary compensation for inventions used by the United States government while the invention was under a secrecy order. *See* 35 U.S.C. § 183.[1]

▮ Despite the absence of an express command, numerous courts have held that section 183 mandates exhaustion of administrative remedies before a plaintiff can file suit in federal court. *See Halpern v. United States*, 258 F.2d 36, 42 (2nd Cir.1958) (holding that the statutory language authorizes the maintenance of a suit when the administrative application is denied or results in an award unsatisfactory to the applicant). "Because the statutory scheme provides so explicitly for an administrative procedure," any other reading of the statute would be erroneous. *Hornback v. United States*, No. 98–5093, 1998 WL

1. The pertinent language of section 183 reads as follows:

An applicant . . . shall have the right . . . to apply to the head of any department or agency who caused the order to be issued for compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government, resulting from his disclosure. . . . The head of the department or agency is authorized, upon the presentation of a claim, to enter into an agreement with the applicant . . . in full settlement for the damage and/or use. . . . If full settlement of the claim cannot be effected, the head of the department or agency may award and pay to such applicant . . . a sum not exceeding 75 per centum of the sum which the head of the department or agency considers just compensation for the damage and/or use. A claimant may bring suit against the United States in the United States Claims Court or in the District Court of the United States for the district in which such claimant is a resident for an amount which when added to the award shall constitute just compensation for the damage and/or use of the invention by the Government.
35 U.S.C. § 183 (1998).

804567, at *1 (Fed.Cir. Nov.18, 1998); *accord Constant v. United States*, 16 Cl.Ct. 629, 633 (1989) (noting that "[s]ection 183, reasonably read, contemplates that a patent applicant, subject to a secrecy order, would seek administrative relief before resorting to the courts where the secrecy order is still in effect at the time suit is filed"). An award of zero damages, however, satisfies the exhaustion requirement. *See Robinson v. United States*, 236 F.2d 24, 28 (2d Cir.1956).

In the present case, there has been no final administrative decision since the Army had neither denied the award nor offered an unsatisfactory award at the time the suit commenced. There is also no indication that the Army has acted in bad faith. In fact, it is likely that the Army has simply had insufficient time to assess its determination of the damages incurred. Therefore, since it is apparent that Stein has not exhausted his administrative remedies, he appears to be ineligible to maintain the present action.

In opposition, Stein strenuously argues that the statute does not require the exhaustion of administrative remedies, particularly in extreme circumstances. In support of his position, Stein cites *Farrand Optical Co. v. United States*, 133 F.Supp. 555 (S.D.N.Y.1955), which held that a final administrative determination is not required by section 183 in certain situations. In *Farrand*, the plaintiff had unsuccessfully attempted to settle his matter with the government for over six years. *See id.* at 557. Because the court concluded the government was unfairly using this statute as a bar to judicial relief, it recognized certain circumstances in which exhaustion is not required. *See id.* at 558–59.

*Farrand*, however, is easily distinguishable from the present case. Here, the Army has had only nine months to adjudicate Stein's claim. This is only a fraction of the time the government had in *Farrand*. *See id.* at 557; *see also Constant*, 16 Cl.Ct. at 630 (dismissing the plaintiff's complaint after the Navy took eleven months to deny his claim). Moreover, given the vast number of government uses alleged in Stein's complaint, nine months is hardly an unreasonable amount of time for the Army to investigate the claim. Finally, it has been suggested that *Farrand* is limited to its facts. *See Constant*, 16 Cl. Ct. at 636 n. 8 (observing that the holding in *Farrand* rests on its facts). Therefore, *Farrand* is not applicable to this case.

## III. CONCLUSION

For the foregoing reasons, the Court concludes Stein cannot presently maintain this action. Accordingly, the case is ordered administratively closed. It may be reopened upon motion of either party for good cause shown, should either party wish to appeal, should circumstances change through administrative action, or should governmental delay constitute an abuse of the statute.