Marion B. **ROBINSON**, Plaintiff-Appellant,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 302, Docket 23686.

United States Court of Appeals Second Circuit.

Argued April 9, 1956.

Decided July 12, 1956.

Timen & Waters, New York City (Otis Mark Waters, W. Philip Van Kirk, New York City, of counsel on the brief), for plaintiff-appellant.

Leonard P. Moore, U. S. Atty., E. D. New York, Brooklyn, N. Y. (Lloyd H. Baker, Samuel V. Greenberg, Robert J. Lederman, Asst. U. S. Attys., E. D. New York, Brooklyn, N. Y., of counsel on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

LUMBARD, Circuit Judge.

The question for decision is whether a claimant whose invention was used by the Government during a period when issuance of the patent was delayed under an order of secrecy may sue in the District Court under 35 U.S.C.A. § 183 for such use and for damages resulting from the secrecy order even though the Navy Department denied *in toto* the claim for compensation. Judge Byers dismissed the complaint for lack of jurisdiction. We hold that suit was properly brought in the District Court and accordingly reverse.

The plaintiff alleged in his amended complaint the following facts: His patent application No. 418497 was allowed for issuance of letters patent by Notice of Allowance dated October 21, 1949. Thereafter this application, together with all plaintiff's applications having common subject matter, was placed under a Secrecy Order dated June 21, 1950 and his patent was withheld under that order.[1]

The complaint alleged further that the plaintiff applied to the Secretary of War, the Secretary of the Navy, and the Secretary of Defense for compensation for the damage caused by the secrecy order and for the use of his inventions by the Government. It alleged finally that the Department of the Navy, Office of Naval Research "failed to settle the claim of plaintiff for compensation."

The answer admits that the plaintiff filed certain patent applications and that they were subjected to secrecy orders; it also admits that on or about April 1, 1952 the Department of the Navy, Office of Naval Research "denied plaintiff's claim for compensation." The answer denied further that there had been any use of plaintiff's inventions by the United States and alleged the invalidity of the patents.

The plaintiff brought this action under 35 U.S.C.A. § 183.[2] The Government

---

1. The complaint also contains allegations relating to previous patent applications which were subjected to a secrecy order in 1943, but the complaint did not allege that these applications were in condition for allowance while that order was in effect and the appellant is apparently not pressing on this appeal his claims arising out of the 1943 order.

2. 35 U.S.C.A. § 183 reads as follows:
   *"Right to compensation*

   "An applicant, his successors, assigns, or legal representatives, whose patent is withheld as herein provided, shall have the right, beginning at the date the applicant is notified that, except for such order, his application is otherwise in condition for allowance, or February 1, 1952, whichever is later, and ending six years after a patent is issued thereon, to apply to the head of any department or agency who caused the order to be issued for compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government, resulting from his disclosure. The right to compensation for

use shall begin on the date of the first use of the invention by the Government. The head of the department or agency is authorized, upon the presentation of a claim, to enter into an agreement with the applicant, his successors, assigns, or legal representatives, in full settlement for the damage and/or use. This settlement agreement shall be conclusive for all purposes notwithstanding any other provision of law to the contrary. If full settlement of the claim cannot be effected, the head of the department or agency may award and pay to such applicant, his successors, assigns, or legal representatives, a sum not exceeding 75 per centum of the sum which the head of the department or agency considers just compensation for the damage and/or use. A claimant may bring suit against the United States in the Court of Claims or in the District Court of the United States for the district in which such claimant is a resident for an amount which when added to the award shall constitute just compensation for the damage and/or use of the invention by the Government. The owner of any patent is-

contends that under that section it is a prerequisite to jurisdiction in the District Court that the head of a department or agency has made an award to the claimant in some amount. This argument is based on that portion of § 183 which reads:

"A claimant may bring suit against the United States in the Court of Claims or in the District Court of the United States for the district in which such claimant is a resident *for an amount which when added to the award shall constitute just compensation for the damage and/or use of the invention by the Government.*" (Emphasis supplied.)

Judge Byers dismissed the complaint on the basis of this argument. In a similar case brought in the Southern District of New York, Judge Dawson denied the Government's motion to dismiss the complaint even though the appropriate government department had taken no action on an application for an award of damages. Judge Dawson pointed out that a contrary holding would deny the claimant his day in court. Farrand Optical Co. v. United States, D.C.1955, 133 F.Supp. 555.

Section 183 of Title 35 was enacted on July 19, 1952 as a part of the general revision of that title. 66 Stat. 806. It was derived substantially unchanged from former § 153 which was enacted on February 1, 1952. 66 Stat. 4. Prior to February 1, 1952 the applicable provision was 35 U.S.C.A. § 42 which derived from an act of October 6, 1917, 40 Stat. 394, 65th Cong., 1st Sess. as amended by 54 Stat. 710, 76th Cong. 3rd Sess. 1940. 35 U.S.C.A. § 42 provided only

for suit in the Court of Claims and read in pertinent part as follows:

"When an applicant whose patent is withheld as herein provided and who faithfully obeys the order of the Commissioner of Patents above referred to shall tender his invention to the Government of the United States for its use, he shall, if and when he ultimately receives a patent, have the right to sue for compensation in the Court of Claims, such right to compensation to begin from the date of the use of the invention by the Government: *Provided*, That the Secretary of War or the Secretary of the Navy or the chief officer of any established defense agency of the United States, as the case may be, is authorized to enter into an agreement with the said applicant in full settlement and compromise for the damage accruing to him by reason of the order of secrecy, and for the use of the invention by the Government."

The secrecy order in the instant case was issued on June 21, 1950 and rescinded on July 25, 1950. Thus it was issued under the old § 42 rather than under the 1952 law. The Act of February 1, 1952, however, in providing for the repeal of the older provision specified that

"such repeal shall not affect any rights or liabilities existing on the date of approval of this Act. * * * A claim arising under the repealed Acts and unsettled as of the defective date of this Act, may be presented and determined pursuant to the provisions of this Act."

sued upon an application that was subject to a secrecy order issued pursuant to section 181 of this title, who did not apply for compensation as above provided, shall have the right, after the date of issuance of such patent, to bring suit in the Court of Claims for just compensation for the damage caused by reason of the order of secrecy and/or use by the Government of the invention resulting from his disclosure. The right to compensation for use shall begin on the date of the first use

of the invention by the Government. In a suit under the provisions of this section the United States may avail itself of all defenses it may plead in an action under section 1498 of title 28. This section shall not confer a right of action on anyone or his successors, assigns, or legal representatives who, while in the full-time employment or service of the United States, discovered, invented, or developed the invention on which the claim is based. July 19, 1952, c. 950, § 1, 66 Stat. 806."

Thus a person injured by an order issued under the old Act is entitled to the full benefit of the remedial procedures of the currently applicable provision. We turn then to the question of what are the prerequisites to jurisdiction in the District Courts under 35 U.S. C.A. § 183.

This section appears to set up alternative procedures by which a claimant may secure compensation for injury resulting from a secrecy order. One procedure is to wait until the issuance of a patent and then sue in the Court of Claims. This remedy is, however, limited to those claimants "who did not apply for compensation" to the head of the appropriate department or agency. The other procedure is to apply to the department or agency; and if an agreeable settlement is not arrived at, to sue in the District Court or the Court of Claims "for an amount which when added to the award shall constitute just compensation". The Government contends that there is a gap in these procedures and that a person who applies to the department or agency and is awarded nothing may not sue under § 183 either in the Court of Claims or in the District Court. It would indeed be anomalous if in such a situation a claimant had no judicial remedy. The Government argues, however, that such a claimant may nevertheless sue in the Court of Claims under 28 U.S.C.A. § 1498 and that this is the proper remedy for the claimant in the instant case.

With this contention of the Government we are unable to agree. First of all, there is considerable doubt that the plaintiff has any remedy under § 1498. That section provides a remedy for the recovery of compensation for use by the United States of an invention "described in and covered by a patent". Thus it has been held that a patentee may not recover under that section for use by the Government prior to the issuance of a patent. Gearon v. United States, Ct.Cl. 1953, 115 F.Supp. 910 certiorari denied 1955, 348 U.S. 942, 75 S.Ct. 364, 99 L. Ed. 737. The remedy of § 183, on the other hand, provides compensation for use by the Government in a period during which a patent has been withheld because of a secrecy order. For this period a patentee could not recover under § 1498. Moreover, § 183 provides not only for the recovery of compensation for the Government's use of an invention, but also for "the damage caused by the order of secrecy". There is no other statutory provision which gives a remedy for the recovery of such damages. If a patentee cannot sue under § 183 he is without a remedy to redress these injuries.

Section 183 apparently sets out a comprehensive scheme for providing compensation in all cases where secrecy orders are issued. There is no indication that Congress intended that this scheme should be supplemented by any other statutory provision such as § 1498. There is certainly no indication in the statutory language that Congress intended that some persons should be deprived of a judicial remedy if they should first seek compensation from the appropriate executive agency. The remedy which may be pursued only in the Court of Claims is expressly restricted to claimants "who did not apply for compensation to the appropriate agency head." We think it reasonable to infer that the alternative remedy which the claimant may pursue either in the District Court or in the Court of Claims is available to all those who did so apply for compensation, whether or not an award was made in their favor. The statutory language relied upon by the Government requires no contrary conclusion. The statute merely says that "A claimant may bring suit against the United States in the Court of Claims or in the District Court * * * *for an amount which when added to the award shall constitute just compensation"*. This does not purport to state a jurisdictional requirement that an award in some amount must first be made. It merely requires that the appropriate department must have been given an opportunity to act on the application, and defines the measure of re-

covery in the Court of Claims or in the District Court. If the agency head determines that the secrecy order has resulted in no damage, or if for some other reason he declines to make a settlement, then the award is zero and the patentee may recover under this section the full compensation which the court determines to be just.

Furthermore a holding that claimants like Robinson are barred from the District Court if they first apply to a government department which awards them nothing would defeat an important and salutary purpose of the statute which is to encourage applications to the departments concerned so that matters might there be settled or payments made on account where the amount of damages is not agreed upon. Were we to affirm there would be little incentive for an applicant to apply to the appropriate agency and run the risk that his application would deprive him of access to the courts.

The legislative history of § 183 shows that Congress intended that every claimant should be able to bring suit in the District Court if he so desired. The words "or in the District Court of the United States for the district in which such claimant is a resident" were added by an amendment on the floor of the Senate. Senator McCarren proposed the amendment and it was adopted without any discussion other than his remarks in explanation and support of the addition. The justification he advanced in support of the amendment was the inconvenience to claimants in coming to Washington to press their suits in the Court of Claims. Senator McCarren remarked that "force was lent to this argument" by the fact that the then recently passed Mutual Security Act of 1951 preserved the right of a claimant to sue in his own federal District Court. Senator McCarren also said that "the purpose of [the amendment] is to give the same right under this bill that is given under the Mutual Security Act of 1951, namely the right of a claimant to bring his action in the Court of Claims or in the United States District Court." 97 Cong.Rec. 13670 (82nd Cong., 1st Sess.1951).

The section of the Mutual Security Act of 1951 to which Senator McCarren referred was § 517, 65 Stat. 382–83. This section was re-enacted without any significant change by § 506 of the Mutual Security Act of 1954, 68 Stat. 852, and is now contained in 22 U.S.C.A. § 1758. This section provides a remedy whereby a patentee may recover compensation for damages resulting from the Government's use of an invention or disclosure of information about an invention in connection with the Mutual Security Program. Although § 1758(c) provides that the head of the appropriate executive agency may "enter into an agreement with the claimant, in full settlement and compromise of any claim", § 1758(b) makes it clear that in all cases the claimant may sue for compensation either in the District Court or in the Court of Claims. His right to sue in the District Court is in no way conditioned on the recognition of the validity of his claim by the appropriate agency head. Representative Rogers (of Colorado), in explaining the Senate's amendment before the House, repeated the analogy of the Mutual Security Act. 98 Cong.Rec. 459–60 (82nd Cong. 2nd Sess.1952). We think that this history is persuasive evidence that Congress intended to permit every claimant under § 183 to pursue his remedy in the appropriate District Court, irrespective of the action taken by the agency which issued the secrecy order.

Since the jurisdiction of the District Court is supported both by the language of § 183 and by the extrinsic evidence of the intent of Congress, the judgment dismissing the complaint for lack of jurisdiction must be reversed.