Stephen DUTCHER, Plaintiff/Appellant,

v.

William French SMITH,* Attorney General of the United States, et al., Defendants/Appellees.

No. 81–5684.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1982.

Decided Nov. 2, 1982.

Willard Hastings, Jr., Santa Barbara, Cal., for plaintiff/appellant.

Shari K. Silver, Asst. U. S. Atty., Los Angeles, Cal., for defendants/appellees.

Before ANDERSON and PREGERSON, Circuit Judges, and SOLOMON,** District Judge.

PREGERSON, Circuit Judge:

Stephen Dutcher appeals from an order of the district court dismissing with prejudice his complaint for declaratory and injunctive relief because he failed to exhaust his administrative remedies. Dutcher, an inmate at the Lompoc Federal Correctional Institute, claimed that prison officials abridged his First Amendment rights by preventing him from publishing certain articles and cartoons in the prison newspaper "Doing Time News." Since it appears from the record that Dutcher exhausted every administrative remedy reasonably available to him, we hold that the district court erred in dismissing his complaint and remand the matter for further proceedings.

---

* Attorney General William French Smith is substituted for his predecessor pursuant to Federal Rule of Appellate Procedure 43(c).

** Honorable Gus J. Solomon, Senior U.S. District Judge for the District of Oregon, sitting by designation.

The pertinent facts may be summarized as follows. Dutcher was appointed editor of "Doing Time News" in January 1980. Beginning in March of that year, Dutcher was told by several prison officials that certain articles and cartoons were "in poor taste" and could not be published. In accordance with prison regulations, Dutcher filed a Request for Administrative Remedy on March 27, 1980. The warden responded to Dutcher's request on April 11, 1980, denying relief generally but inviting Dutcher to file individual complaints regarding specific censorship decisions. Instead, Dutcher filed a Regional Appeal and a Central Office Appeal of the warden's decision, the only administrative appeals available to him under prison regulations. The warden's determination was upheld in both appeals.

On October 23, 1980, Dutcher filed the instant action for declaratory and injunctive relief. The Government moved to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted, contending that Dutcher had failed to exhaust his administrative remedies with regard to the specific newspaper articles and cartoons alleged to have been censored. At the hearing on January 26, 1981, the district court granted the Government's motion but allowed Dutcher sixty days within which to seek administrative review of specific censorship decisions.

Dutcher then filed six separate Requests for Administrative Remedy dated January 27, 1981. In five of these Requests, Dutcher alleged that several articles and one cartoon, copies of which Dutcher provided, had been censored by prison officials. These requests were not receipted by the warden's office until March 20, 1981. On the advice of counsel, Dutcher filed a Regional Appeal in mid-February 1981 but was informed that the appeal could not be acted upon because the warden had not ruled on Dutcher's underlying complaints. Dutcher then filed a Central Office Appeal, which was apparently never acted upon. Finally, between April 3 and April 6, 1981, the warden responded to Dutcher's Requests, denying publication of four different articles and allowing publication of one article and one cartoon.

Dutcher filed an Amended Complaint on April 27, 1981, alleging that he had exhausted his administrative remedies. The Government renewed its motion to dismiss, this time relying solely on Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction). At the hearing on July 20, 1981, the court granted the Government's motion and dismissed Dutcher's complaint with prejudice.

■ Where, as here, exhaustion of administrative remedies is not statutorily prescribed, it is within the district court's discretion whether or not exhaustion should be required. *Stauffer Chemical Co. v. Food & Drug Administration,* 670 F.2d 106, 107 (9th Cir. 1982). Notwithstanding the fact that Dutcher's claim is based primarily on constitutional grounds, *see Downen v. Warner,* 481 F.2d 642, 643 (9th Cir. 1973), we hold that the district court did not abuse its discretion in requiring exhaustion under the circumstances. *See Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974).

■ Nevertheless, we believe that the record contains sufficient evidence that Dutcher exhausted his remedies prior to filing the Amended Complaint. Dutcher's January 27 Requests for Administrative Remedy were, unlike his original Request in March 1980, specific as to the nature and content of the proscribed articles and cartoon. Dutcher could reasonably have assumed that his Requests would be received by the warden within several days of January 27, so that the warden's failure to rule on the Requests within the time required (fifteen days from receipt) justified Dutcher's filing the first administrative appeal in mid-February and the second appeal immediately thereafter. It is also reasonable to infer that Dutcher did not know that his Requests had not been marked received by the warden until mid-March, giving the warden until April to rule. Under this view of the facts, which is not controverted in substance by the Government, Dutcher has exhausted every administrative remedy rea-

sonably available to him in a timely manner and should be allowed to proceed to trial. *See Getty Oil Co. v. Andrus,* 607 F.2d 253, 255–56 (9th Cir. 1979).

We therefore vacate the district court's order dismissing Dutcher's claim with prejudice and remand the matter for further proceedings consistent with the views herein expressed.