James CONSTANT, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 147–88C.

United States Claims Court.

April 10, 1989.

As Corrected April 12, 1989.

James Constant, Claremont, Cal., pro se.

Vito J. DiPietro, Washington, D.C., with whom were Asst. Atty. Gen. John R. Bolton, for defendant.

## OPINION

LYDON, Senior Judge:

The complaint in this case was filed on March 9, 1988. An answer has not been filed and the court's unpublished orders of May 5, 1988 and June 9, 1988 explain some of the problems relative thereto. These problems have persisted since the date of those orders.

There is now before the court two motions. Plaintiff has filed a motion for summary judgment and defendant has filed a motion to dismiss. In ruling on these motions, the court will discuss the continuing problems clouding this litigation.

## I

On February 11, 1985, plaintiff filed an application for a patent with the Patent and Trademark Office, Department of Commerce (PTO). Plaintiff's patent application involved an invention called a Gravitational Mass Detector. On March 12, 1986, a secrecy order relative to this patent application was issued pursuant to 35 U.S.C. § 181 (1982) (secrecy statute). Section 183 of the secrecy statute provides that a patent applicant can apply to the head of any department or agency who caused the secrecy order to be issued for compensation for any damage caused by the order of secrecy and/or for the use of the invention by the Government. If full settlement of the claim could not be reached, the claimant could bring suit in this court. Section 183, in substance, provides plaintiff herein with an available administrative remedy.

Plaintiff submitted to the Navy, on January 8, 1988, a naked request for a settlement agreement. In response, on March 3, 1988, the Navy advised it needed additional information from plaintiff in order to prop-erly docket his claim. Plaintiff, it would appear, refused to engage the administrative process in good faith. Plaintiff insists he has asked for a settlement agreement and, under the circumstances, he believes no further action is necessary. It is the Navy's obligation, plaintiff brazenly asserts, to give him a settlement agreement without any input from him.

In the court's May 5, 1988 order, plaintiff was directed to exhaust his available administrative remedies. Plaintiff, it would appear, has failed to do so in a good faith, meaningful, and cooperative manner. Plaintiff wrote two letters to the Navy dated July 14, 1988, and October 20, 1988, relative to his settlement request. On November 29, 1988, the Navy wrote plaintiff as follows:

This office has twice, in letters dated 3 March 1988 and 3 October 1988, requested information to establish a claim under 35 U.S.C. § 183.

You refused in your 20 October 1988 letter to petition the Commissioner of Patents and Trademarks for modification of the secrecy order in accordance with 37 C.F.R. § 5.5, claiming that such a condition is not required under 35 U.S.C. § 183. Section 183 provides "the right to compensation for ... use of the invention by the Government." Use of the invention can only be determined by the scope of the allowed claims. Therefore, access to the entire patent application is necessary for the Navy to determine whether it has made any use of the invention considered allowable by the Patent and Trademark Office (PTO).

While the Navy has a copy of the application as originally filed, the Navy has no knowledge of the application as amended or modified by prosecution before the PTO. The Navy has no way of knowing what the PTO has determined to be your invention on which your claim under 35 U.S.C. § 183 can be based. As mentioned in this office's letter of 3 October 1988, the Navy is unable to obtain access to the PTO application file unless you petition the Commissioner of Patents and Trademarks for a modification of the se-

crecy order. The Office of Solicitor in the PTO has informed the Navy that your letter providing permission to permit the Navy to obtain access to the application would not be acceptable to the PTO to permit the Navy to have access to and copy the entire file wrapper of your application. Access to the PTO application file is not provided by 35 U.S.C. § 188, as you claim. As noted in the court's order filed on 5 May 1988, the procedure to permit access to a patent under secrecy order is set forth in 37 C.F.R. § 5.5. In that same order the court specifically instructed that steps be taken to modify the secrecy order to permit inspection and copying of the entire file of the patent application. Yet you again refused to do so.

In the letters of 3 March and 3 October you were requested to provide sufficient designation to permit identification of the alleged infringing items or processes, giving the military or commercial designation, if known to you.

In your 20 October letter you stated that your claim under 35 U.S.C. § 183, is "for use of the invention by the Government resulting from his invention." Use can only be determined when an item or process is identified or sufficient information is made available to identify an item or process. Since you have refused to permit access to the entire patent application and have failed to identify an item or process, there is no basis to establish a claim for the use of the invention by the Government, resulting from your disclosure as provided in 35 U.S.C. § 183. You have failed to designate at least one claim of Application Serial No. 700,871 alleged to be infringed and thereby you have failed to establish a claim "for use of the invention by the Government resulting from his invention."

In this office's letter of 3 October 1988, it was requested that you respond to Defendant's Interrogatories to the Plaintiff, Set No. 1, previously served on 21 April 1988 by the Department of Justice. In the court's order of 5 May 1988, it encouraged voluntary and cooperative discovery between the parties. You have ignored this guidance from the court and failed to respond to this office's request. In summary, based on the correspondence available to date there are insufficient grounds to establish a claim for compensation under 35 U.S.C. § 183.

Based on the evidence available to the Navy, including the correspondence between this office and you, no use of the invention by the Government resulting from your disclosure can be established. Therefore this matter is considered closed.

In its order of May 5, 1988, as reemphasized in its order of June 9, 1988, the court directed plaintiff (1) to exhaust his available administrative remedies, and (2) to take steps to modify the secrecy order so as to enable defendant to obtain information necessary to file a response to plaintiff's complaint. The court in its May 5, 1988 order suspended proceedings in this case until December 5, 1988 so that plaintiff could comply with the above directives. However, plaintiff continues to refuse to comply in good faith with these directives.

Plaintiff, on December 15, 1988, has again filed a motion for summary judgment.[1]

## II

Plaintiff's motion for summary judgment is essentially based on 28 U.S.C. § 1491, resting on the contention that the secrecy order issued relative to his patent application, constitutes a Fifth Amendment taking of his property, and section 183, resting on the contention that use by the Government of his invention can be inferred by pendency of the secrecy order.[2]

---

1. Two prior efforts by plaintiff to file summary judgment motions were unsuccessful. The first effort was deemed premature, and the second effort was deemed improper, since proceedings in the case had been stayed pursuant to court order.

2. It is to be noted that plaintiff disavows any claim for damages based on patent infringement.

■ In essence, plaintiff's taking claim as set forth in his complaint seems to rest on the view that imposition of the secrecy order, governed by section 181, constitutes a compensable taking of his invention. Such a broad view cannot be accepted. An inventor whose patent has been withheld under a secrecy order has a right created by statute, sections 181–88, to obtain compensation from the United States, and the statute sets forth procedures whereby this right may be realized. Furthermore, it is established that not every act of the Government which impinges on property rights constitutes a compensable taking. *See Radioptics, Inc. v. United States,* 223 Ct.Cl. 594, 618–24, 621 F.2d 1113, 1126–29 (1980); *Mosca v. United States,* 189 Ct.Cl. 283, 289–90, 417 F.2d 1382, 1385–86 (1969), *cert. denied* 399 U.S. 911, 90 S.Ct. 2197, 26 L.Ed.2d 565 (1970); *Franco–Italian Packing Co. v. United States,* 130 Ct.Cl. 736, 745–46, 128 F.Supp. 408, 414 (1955).

A fundamental purpose of the secrecy statute was to prevent the dissemination of information contained in the patent application whenever the disclosure of such information by the issuance of a patent would, or could, jeopardize the national security. It is true that the imposition of the security order has delayed the issuance of a patent to plaintiff and imposed other restrictions. However, the statute allowing for such action, provides alternative remedies. In its brief, plaintiff states he "does not claim compensation for damages caused by the order of secrecy." Under such circumstances, there can be no Fifth Amendment taking merely because of the issuance of the secrecy order.

■ Plaintiff's taking claim, however, goes a step further. Plaintiff avers that his invention is being used by the Government. This averment by plaintiff is naked and unsupported by any other allegation in the complaint. Plaintiff cites no specific use of the invention by the Government. Plaintiff's assertion that the issuance of the secrecy order and its renewal twice provides a strong indication of the military value, and use of the invention by the Government cannot be accepted.[3] It may well be that the secrecy order was issued for reasons unrelated to the invention itself; i.e., the patent application may relate to the background of an invention or its intended environment. More importantly, the secrecy order itself states that its imposition does not mean that the Government has adopted or contemplates adoption of the invention, nor is it any indication of the value, if any, of the invention. The invention in question is not described or defined with any degree of particularity in the complaint or in any document of record. Ostensibly, it is described in plaintiff's pending patent application, but plaintiff refuses to take the steps necessary to permit defendant's attorney to examine that patent application. See the court's unpublished order of May 5, 1988. Until the patent application becomes available to the defendant's counsel and the court, no determination can be made regarding the nature and scope of the claimed invention. More importantly as far as plaintiff's present motion for summary judgment is concerned, whether or not the Government has used the invention is clearly a material fact question rendering summary judgment for plaintiff, in any event, inappropriate. RUSCC 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Even if the circumstances relied on by plaintiff were viewed in a light most favorable to plaintiff, summary judgment in favor of plaintiff would not be appropriate. It is recognized that a taking claim is generally fact oriented and thus not generally susceptible to disposition by summary judgment. *Yuba Goldfields, Inc. v. United States,* 723 F.2d 884, 887 (Fed.Cir.1983).

In its order of May 5, 1988, the court informed plaintiff that if he did not take steps to request a modification of the secrecy order, the court would not consider, in

---

**3.** Under § 181, it is provided that a secrecy order was effective for a period of one year, but could be renewed by the Commissioner of the Patent Office for additional periods of one year upon notification by the chief issuing officer of the agency that an affirmative determination has been made that the national interest continues to require the secrecy order.

any event, any taking claim asserted in his complaint.[4] Plaintiff has refused to take any steps in this regard. Accordingly, the court is not disposed to act on any taking claim, assuming such a claim had been properly established.

As a last word on plaintiff's taking claim, in its order of May 5, 1988, the court noted that plaintiff's complaint as drafted was most deficient in setting out a "taking" claim. A reading of plaintiff's briefs likewise indicates to the court that plaintiff has not sufficiently alleged a taking claim. Whatever claim plaintiff may have at this time can only emanate from the secrecy statute.

### III

Having concluded that plaintiff's complaint and briefs do not state a compensable Fifth Amendment taking, the next question is whether plaintiff has stated a claim under the secrecy statute.

It is interesting to note that, in this case, plaintiff has filed no petition to have the secrecy order rescinded. Plaintiff did just that in *Constant v. United States*, 1 Cl.Ct. 600, 602 (1982), and the secrecy order was rescinded. The *Constant* case is also interesting in that the court stated that as to any damages under the security statute, neither the administrative agencies nor the courts were to permit recovery of "purely speculative" damages. There would have to be "real concrete evidence of damages," "actual damages" in order to recover damages under section 183. *Id.* at 602. It is important to bear these observations in mind when assessing plaintiff's actions in this case.

Section 183, reasonably read, contemplates that a patent applicant, subject to a secrecy order, would seek administrative relief before resorting to the courts where the secrecy order is still in effect at the time suit is filed. *See Constant v. United States*, 223 Ct.Cl. 148, 156–57, 617 F.2d

239, 242–44 (1980). Further, section 183 contemplates that a "claim" would be submitted to the agency concerned "for the damage caused by the order of secrecy and/or for use of the invention by the Government, resulting from his disclosure."

In this case, plaintiff's "claim" to the agency consisted, in pertinent part, of a single sentence, i.e., "I will appreciate having your settlement as soon as possible." Under any definition of a claim, this single sentence does not constitute a claim. The agency concerned refused to docket it as a claim until it received additional information from plaintiff. Under the circumstances, this was a prudent and appropriate thing for the Navy to do. Plaintiff failed to provide information to the Navy, and the Navy, concluding that plaintiff did not intend to provide information so as to establish what his claim was, considered the matter closed. See the November 29, 1988 Navy letter to plaintiff set out above. Plaintiff's contention that the Navy has failed, or declines, to make a settlement is without foundation. It takes two parties to make a settlement and plaintiff refuses to state what his claim is, how he has been damaged, and what he wants in terms of money damages.

On January 12, 1989, defendant filed a motion to dismiss. As its first ground, defendant seeks dismissal of the complaint because plaintiff has failed to comply with the court's orders. As its second ground, defendant contends plaintiff's complaint fails to state a taking claim for which relief can be granted. As its third ground, defendant contends that, as to plaintiff's claim under 35 U.S.C. § 183, he has failed to exhaust available administrative remedies provided him under section 183. Since defendant attached documentation in support of its motion to dismiss, the motion can be and is treated as one for summary judg-

---

4. As indicated earlier, the complaint in this case was filed on March 9, 1988. Defendant advised the court thereafter that it was unable to investigate the allegations in the complaint because of the secrecy order and requested the court to direct plaintiff to request a modification of said secrecy order so that defendant's counsel might examine the patent to determine the nature and scope of the invention and thus be able to investigate whether or not the invention had been used by the Government.

ment. *See* RUSCC 12(b). Plaintiff has had a reasonable opportunity to present all materials made pertinent to such a motion by Rule 56. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325–26, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986). Plaintiff filed an opposition to defendant's motion to dismiss. *See New Am. Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1081 (Fed.Cir.1989), relative to the grant of summary judgment generally.

Apropos defendant's motion to dismiss based on plaintiff's disregard of the court's directives in its order of May 5, 1988, plaintiff states that as to his failure to take steps to request a modification of the secrecy order, this acknowledged fact was not a sufficient ground for dismissal because the court in its May 5 order "instructs" plaintiff that if he failed to take such steps, the court would refuse to consider any taking claim advanced by plaintiff. Plaintiff says he was not "ordered" to take such steps and thus dismissal, as a sanction, is not warranted.

■ There is no question that plaintiff has refused to request a modification of the secrecy order. Plaintiff also has refused to submit in good faith a bona fide claim to the Navy which would serve as the starting point for administrative consideration of his section 183 claim, thereby failing to exhaust available administrative remedies. Moreover, plaintiff failed to comply with discovery requests from defendant after being made aware in the court's May 5, 1988 order that sanctions were available if he failed to do so. Plaintiff's defense to these failures is simply that dismissal is not warranted because the court did not order that he do so but only "instructed" him to do so. One of the definitions of "instruct" in the standard dictionary is "to give orders or direct." The totality of the court's May 5, 1988 order directed plaintiff to take the actions discussed above and indicates that dire results would ensue if he did not. Plaintiff's inactions in light of the court's May 5, 1988 order support dismissal of his complaint without more. However, dismissal of the complaint need not rest solely on

sanctions since other grounds discussed hereinafter also support such an action.

■ Plaintiff initially challenges defendant's motion to dismiss as being filed out of time. As indicated previously, plaintiff's complaint was filed March 9, 1988. By court order, dated May 5, 1988, proceedings in this case were suspended until December 5, 1988. On December 15, 1988, plaintiff filed a motion for summary judgment. On January 12, 1989, defendant filed its motion to dismiss. On January 17, 1989, defendant filed its opposition to plaintiff's motion for summary judgment. The matter can be viewed in several different ways. The court concludes that defendant's motion to dismiss, viewed as a cross-motion for summary judgment under RUSCC 12(b) and Rule 56, was timely filed, since it was filed within thirty-one days after the filing of plaintiff's motion for summary judgment. Any confusion in this regard was created by defendant's mischaracterization of its motion and its failure to file a single document containing both its cross-motion for summary judgment and its opposition to plaintiff's motion for summary judgment. The court, in treating the motion to dismiss as a cross-motion for summary judgment, believes that it in no way prejudices plaintiff under existing circumstances.

■ Defendant, in its motion, contends that the complaint fails to state a taking claim on which relief can be granted. Plaintiff's position is simply that, as a matter of law, the issuance of the secrecy order is a taking compensable under the Fifth Amendment. Plaintiff contends that the secrecy order substantially diminishes the value of his invention and as a practical result he is unable to exploit his invention. The court holds that the issuance of a secrecy order is not *per se* a taking and that diminution in value of his invention and inability to exploit his invention are compensable elements of a claim under section 183, not under the Fifth Amendment. Plaintiff has cited no case which supports his position and cases dealing with damages relating to secrecy orders do so under section 183 and not under a Fifth Amend-

ment taking. *See Halpern v. United States*, 258 F.2d 36 (2d Cir.1958); *Farrand Optical Co. v. United States*, 325 F.2d 328, 335 (2d Cir.1963). [refused to allow "just compensation" interest since suit under section 183 and not Fifth Amendment]; *Constant*, 223 Ct.Cl. 148, 152, n. 4, 154–55, 617 F.2d 239, 240, n. 4, 241–42 (1980). [use of words "just compensation" in a federal statute does not necessarily mean that a constitutional taking is involved]; *Constant*, 1 Cl.Ct. 600 (1982). *See also Radioptics, Inc.*, 223 Ct.Cl. at 618, 621 F.2d at 1126.

While the complaint does not state a Fifth Amendment taking claim, a liberal reading of the complaint indicates that plaintiff *may* have a section 183 claim. *See Constant*, 223 Ct.Cl. at 158, 617 F.2d at 244.

As to the section 183 claim, defendant, in its motion, contends that plaintiff has failed to state a claim on which relief can be granted since he failed to exhaust his available administrative remedies. Plaintiff impliedly recognizes his obligation to exhaust his available administratives remedies. On page ten of his summary judgment brief he states, in pertinent part:

A suit for compensation may be maintained as soon as the administrative application is denied or results in an unsatisfactory award, even though a patent has not yet issued and the secrecy order is still pending. *Halpern*, supra 391. As interpreted by the Courts, the plaintiff has the burden of establishing "use by the Government". *McDonnell Douglas Corp. v. U.S.*, [229 Ct.Cl. 323, 670 F.2d 156], 214 USPQ 857, 862 (CC 1982).

■ Even if one were to conclude that exhaustion of administrative remedies in this case was not mandatory, the language of section 183 and the circumstances attendant thereto dictate that exhaustion should be required. *See Dutcher v. Smith*,

693 F.2d 79, 80 (9th Cir.1982); *Adler v. United States*, 134 Ct.Cl. 200, 202 (1956) [must exhaust even though exhaustion not mandatory]. Exhaustion is required herein because plaintiff may vindicate his rights at the administrative level, thus making court intervention unnecessary. *See McKart v. United States*, 395 U.S. 185, 195, 89 S.Ct. 1657, 1663, 23 L.Ed.2d 194 (1969); *see also Ainsley v. United States*, 8 Cl.Ct. 394, 399–401 (1985).

Plaintiff answers that he has exhausted his available administrative remedies because the Navy "has failed or declines to make a settlement" with him.[5]

It has been said that the doctrine of exhaustion of administrative remedies cannot be satisfied by less than a good-faith effort to achieve the purposes of the doctrine, and administrative remedies must be effectively pursued to finality before a court will engage in consideration of the matter. *Nat'l Conservation Political Action Comm'n v. Fed. Election Comm.*, 626 F.2d 953, 956–57 (D.C.Cir.1980). The materials before the court reasonably establish that plaintiff did not in good faith attempt to exhaust his available administrative remedies. First, his request for a settlement, without more, does not constitute the submission of a claim to the Navy. The Navy told plaintiff so and requested further information from plaintiff. Since plaintiff refused to do so, the Navy had no claim before it and no basis on which to negotiate a settlement. The Navy has not failed nor did it decline to entertain a claim from plaintiff. Instead, plaintiff refused to submit a viable claim on which the Navy could properly act.

■ Plaintiff's justification for its actions in this regard is that there are "numerous difficulties of proving a claim when the patent application is still covered by a

**5.** As support for the finality of the Navy's action, plaintiff cites to the last sentence of the Navy's November 29, 1988 letter to him to the effect the Navy considers the matter "closed." In context, however, that statement meant that since plaintiff refused to supply information to the Navy as requested it was in no position to determine if plaintiff had a valid claim or the amount of any such claim. Absent these facts, how could the Navy negotiate a settlement with plaintiff, and why should not the Navy consider the matter closed when plaintiff refuses to provide information germane to negotiation of a settlement.

secrecy order...." [6] Because of these difficulties, plaintiff asserts, in the present case, plaintiff need only prove that he requested compensation from the Navy, that the Navy refused to make an offer and that damage and/or use resulted from the disclosure.[7] The court disagrees.

Section 183 contemplates the submission of a claim by plaintiff in good faith to the administrative agency.[8] The agency cannot act in a vacuum. The burden is on the applicant to show how he has been damaged by the secrecy order and the damages flowing therefrom. In this regard, plaintiff has the laboring oar.[9] A simple "send

me a settlement agreement" is not a claim. A good-faith effort is the submission of a claim for specific damages and a showing of some sort of a relationship between the damages claimed and the secrecy order.

The court concludes that plaintiff has failed to properly exhaust his available administrative remedies in good faith. Further, under the circumstances, his section 183 damage claim may be premature and thus not susceptible of ascertainment until the secrecy order is lifted. Accordingly, the court feels that dismissal without prejudice of plaintiff's section 183 claim at this

---

**6.** This suggests to the court that plaintiff's section 183 claim may be premature. Also, it raises the question of why plaintiff has not petitioned for a recession of the secrecy order as he did in a different § 183 case he filed. *See Constant,* 1 Cl.Ct. 600, 602 (1982). In any event, difficulties of proof ostensibly will exist whether the matter is litigated or considered administratively. Plaintiff's claim can as easily be dismissed in court for failure to demonstrate "actual damages" or failure to present "concrete evidence of damages" required for recovery under § 183 as plaintiff should know since that happened to him in *Constant, id.* at 607. (1982).

**7.** Plaintiff did request a "settlement." However, no compensation figure was ever mentioned to the Navy. He never submitted a "claim" to the Navy as contemplated by § 183. He refused to provide information to the Navy as requested and thus the Navy was in no position to make an offer. As to "use" by the Government, plaintiff concedes he has the burden of establishing such use, but his complaint and attendant papers fail to show or even hint at such use. Indeed, plaintiff states that "use should be inferred from issuance of the secrecy order and two renewals thereof." It seems to the court that something more than this is required as a starting point. As indicated previously, the secrecy order itself cautions against drawing such an inference.

**8.** Plaintiff does not argue that he is not obligated to exhaust administrative remedies under § 183 and properly so. *See Halpern,* 258 F.2d 36, 42, 43 (2d Cir.1958). Since the secrecy order is still in effect, plaintiff must exhaust available administrative remedies. *Constant,* 223 Ct.Cl. 148, 156–57, 617 F.2d 239, 242–44 (1980) Plaintiff, however, maintains he has exhausted his remedies because the Navy has refused to give him a settlement agreement and "the matter is considered closed." In context, however, the undisputed facts show that plaintiff refused to make a good-faith effort to exhaust. While not raised by the parties, one reading of *Farrand Optical Co., Inc. v. United States,* 133 F.Supp.

555 (S.D.N.Y.1955) might conclude that an applicant with a claim under § 183 need not exhaust available administrative remedies. However, the holding in that case rests on its facts. In *Farrand,* the applicant negotiated with the agency for five years in an effort to obtain compensation under § 183. The agency in *Farrand* finally offered the applicant $30,000 in full settlement of its claim. The applicant rejected the offer as grossly inadequate. Thereafter, negotiations continued between the parties and were unsuccessful. The applicant thereafter filed suit in the District Court. The District Court, unpersuaded by the Government's contention that plaintiff had failed to exhaust available administrative remedies, rejected the Government's contention that an applicant could not bring suit until after some award had been made to him. The District Court also was influenced by the long period, over six years, of negotiations between the parties. Under the facts in *Farrand,* an administrative remedy was not reasonably available since the agency had ostensibly reached a point beyond which it would not go. The facts in this case are completely different as detailed above. Since plaintiff's conduct is responsible for the lack of administrative consideration of the matter, he should not be allowed to by-pass the agency by such tactics, especially in light of § 183 and its provision for administrative resolution of any claim before suit is filed. *See McKart v. United States,* 395 U.S. 185, 195, 89 S.Ct. 1657, 1663, 23 L.Ed.2d 194 (1969).

**9.** Plaintiff is an experienced *pro se* litigator. He can be difficult in his role as a *pro se* litigator. *See Constant v. Advance Micro–Devices, et al,* 848 F.2d 1560, 1563–64 (Fed.Cir.1988). Some of those difficulties have surfaced in this case where plaintiff tries to establish and operate under his own rules. The Federal Circuit has likewise had occasion to caution plaintiff for frivolous action. *See Constant v. United States,* 861 F.2d 728 (Fed.Cir.1988) and to sanction him. *See Constant v. Wilson and Hillman, et al,* 856 F.2d 202 (Fed.Cir., 1988).

time is prudent and appropriate. Should circumstances change, plaintiff would be free at a later time to pursue a section 183 claim either administrative or, if the secrecy order is lifted, in court.

For the reasons discussed above, plaintiff's motion for summary judgment is denied and defendant's cross-motion for summary judgment (motion to dismiss) is granted. As indicated above, plaintiff's taking claim set forth in his complaint is dismissed with prejudice. Plaintiff's section 183 claim set forth in his complaint is dismissed without prejudice. The clerk is directed to enter a judgment dismissing the complaint accordingly. No costs.