**Richard J. WEISS, Stephen Solender, Arthur Michael Solender, and Elsie Solender, Plaintiffs–Appellants,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–1595.

United States Court of Appeals, Federal Circuit.

June 4, 2002.

---

Before RADER, SCHALL, and LINN, Circuit Judges.

## DECISION

SCHALL, Circuit Judge.

Richard J. Weiss, Stephen Solender, Arthur Michael Solender, and Elsie Solender brought an action in the United States District Court for the District of Massachusetts under 35 U.S.C. § 183. In their action, they sought compensation from the United States for damages allegedly incurred as a result of the government's imposition of two secrecy orders on Mr. Weiss's patent application. The district court granted summary judgment in favor of the United States and denied appellants' motion for partial summary judgment, concluding that appellants had failed to present evidence of actual damages and that the imposition of the secrecy orders did not constitute a Fifth Amendment taking. *See Weiss v. United States,* 146 F.Supp.2d 113 (D.Mass.2001). We *affirm.*

## DISCUSSION

### I.

Richard J. Weiss invented "smart wing skins," which can provide real-time infor-

mation about the forces on an airplane wing through the use of a bundle of fiber optics integrated into the structure of the wing. Mr. Weiss assigned half of his ownership interest in his invention to the other three appellants, Stephen Solender, Arthur Michael Solender, and Elsie Solender. Mr. Weiss applied for a patent on January 25, 1990.

On September 14, 1990, at the request of the Air Force, the Patent Office issued a "secrecy order and permit for foreign filing in certain countries," pursuant to 35 U.S.C. §§ 181 and 184 ("Secrecy Order I"). The order prohibited the unauthorized disclosure of the Weiss invention *except* to (i) U.S. Citizens and permanent residents for legitimate business purposes, and (ii) the patent offices of seventeen industrialized countries–Australia, Belgium, Canada, Denmark, France, the Federal Republic of Germany, Greece, Italy, Japan, Luxembourg, Netherlands, Norway, Portugal, Spain, Sweden, Turkey, and the United Kingdom–for the purpose of seeking a patent. Mr. Weiss did not try to patent his invention in a foreign country as allowed by Secrecy Order I.

On May 15, 1992, the Patent Office issued a notice of allowance, informing Mr. Weiss that he was entitled to a patent. However, on June 25, 1992, the Patent Office issued a second secrecy order ("Secrecy Order II") that was identical in all material respects to Secrecy Order I. Again, Mr. Weiss did not try to patent his invention in a foreign country as allowed by Secrecy Order II.

On September 1, 1993, Mr. Weiss petitioned the Patent Office to vacate the secrecy orders, which the Patent Office did

on May 15, 1996. On March 11, 1997, U.S. Patent No. 5,609,952 was issued to Mr. Weiss, approximately five years after the notice of allowance had issued.

On November 10, 1999, counsel for appellants wrote a letter to the Secretary of Defense "to assert a set of claims for damages as authorized by law (35 U.S.C. § 183, and if required, the related jurisdictional sections of 35 U.S.C. § 183, under procedures established by 37 C.F.R. § 5.7)." [1] Subsequently, on January 14, 2000, counsel wrote a letter to the Air Force clarifying that appellants were seeking compensation, in part, "because of the imposition of two secrecy orders." In response to earlier questions by the Air Force, counsel stated that appellants never licensed the patent, litigated the patent, or sent any notices of infringement to any party. On March 24, 2000, the Air Force informed counsel for appellants that "the claim for compensation for damages allegedly caused by or arising from the alleged appropriation of patent rights through the imposition of a secrecy order ... is denied."

On December 15, 2000, appellants brought suit against the United States pursuant to 35 U.S.C. § 183, seeking compensation for damages allegedly incurred as a result of the imposition of Secrecy Orders I and II. As noted above, the district court granted summary judgment in favor of the United States and denied appellants' motion for partial summary judgment, concluding that appellants had failed to show that the imposition of the two secrecy orders had caused them any damage. *Weiss v. United States*, 146 F.Supp.2d 113 (D.Mass.2001). The court

---

**1.** The Code of Federal Regulations states that any request for compensation should not be made to the Patent Office but, rather, directly to the department or agency that caused the secrecy order to be issued. 37 C.F.R. § 5.2.

In 1997, this provision was moved from section 5.7 to section 5.2 of Title 37. Changes to Patent Practice and Procedure, 62 Fed.Reg. 53,132, 53,203–04 (Oct. 10, 1997).

also noted that appellants had not included in their complaint a claim for compensation based on use of the invention by the United States–even though Mr. Weiss had included such a claim with respect to Secrecy Order II in his original demand letter to the Air Force. *Id.* at 117 n. 4, 124 & 129.

In addition, the court rejected appellants' claim that imposition of the secrecy orders amounted to a taking under the Fifth Amendment. In so holding, the court cited *Constant v. United States,* 16 Cl.Ct. 629, 634–35 (1989), *aff'd* 884 F.2d 1398 (Fed.Cir.1989), for the proposition that "the issuance of a secrecy order is not *per se* a taking and that diminution of [an] invention and inability to exploit [the] invention are compensable elements of a claim under section 183, not under the Fifth Amendment." *Weiss,* 146 F.Supp.2d at 124 n. 7. Finally, the court rejected appellants' request for discovery on the ground that any evidence that could show damages resulting from the secrecy orders would "not be found in the United States's files. To the contrary, Weiss should know where to find evidence of what he would have done, but was prevented from doing, as a result of the secrecy order. Weiss does not produce any plan for reducing his speculation into evidence of actual damages." *Id.* at 129. Weiss timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1295(a)(1) (1994). We review the district court's summary judgment ruling *de novo. Pall Corp. v. PTI Tech. Inc.,* 259 F.3d 1383, 1389, 59 U.S.P.Q.2d 1763, 1767 (Fed.Cir.2001). In so doing, we draw all reasonable factual inferences in favor of the nonmoving party. *Johnson Worldwide Assocs., Inc. v. Zebco Corp.,* 175 F.3d 985, 988, 50 USPQ2d 1607, 1609 (Fed.Cir.1999).

Appellants make essentially two arguments on appeal. First, they contend that the district court erred in concluding that they were not asserting a claim based on government use of the Weiss invention. They assert that they should have at least been allowed discovery on this claim and a chance to amend their pleadings. Second, appellants renew their contention that they were damaged by the imposition of the two secrecy orders because they were prevented by the secrecy orders from exclusively licensing the Weiss invention and because issuance of the patent was delayed. We address these arguments in turn.

## III.

Pursuant to 35 U.S.C. § 183, a patent applicant may obtain "compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government, resulting from his disclosure." Section 183 thus contemplates two causes of action: one for damage caused by the order of secrecy ("damages claim"); and another for use by the government resulting from the applicant's disclosure ("use claim"). *See McDonnell Douglas Corp. v. United States,* 229 Ct.Cl. 323, 670 F.2d 156, 163–64 (Ct.Cl.1982).

Appellants argue that the district court erred in concluding that they had abandoned the use claim originally asserted with respect to Secrecy Order II in counsel's November 10, 1999 administrative claim letter. We disagree. An examination of the pertinent documents compels the conclusion that appellants did in fact abandon their use claim.

In their November 10, 1999 administrative claim letter, appellants asserted two types of claims growing out of Secrecy Order II. First, they asserted a damages claim. In that regard, they alleged that the United States had interfered with their

ability to exclusively license the Weiss invention during the five-year period in which the secrecy orders were imposed. They characterized this interference as the "appropriat[ion by the government of] a five-year exclusive option on the patent, depriv[ing] [them of] the ability to profit from the grant of such an option to anyone else during that period."[2] Second, under a heading entitled "Evidence of Actual Use," appellants asserted a use claim. Specifically, they alleged that "upon information and belief, the [government] tested and evaluated the technology disclosed in the referenced patent during the period that the first and second Secrecy Orders were in effect.... [W]e believe that the United States Government was ... sponsoring and funding research ... in the same advanced optics area as the patented invention."

The Air Force responded on March 24, 2000, denying all of appellants' claims. In addressing the use claim, the Air Force wrote: "No specific Air Force use of the technology at issue in this matter was cited in the claim. Likewise, during our investigation of this matter, we found no Air Force use of the technology."

Thereafter, appellants filed their action in the district court seeking compensation for the imposition of Secrecy Orders I and II. The complaint did not include any specific mention of a use claim. However, in paragraph 20 of the complaint, appellants did refer to their administrative claim letter:

On or about November 10, 1999, plaintiffs submitted a claim to the Secretary of Defense requesting, *inter alia*, compensation for the imposition of Secrecy Order I and Secrecy Order II. A true and correct copy of plaintiffs' claim letter is attached hereto as Exhibit "D."

Considering that this paragraph of the complaint referenced their claim letter to the Air Force, under a broad reading of the complaint, appellants arguably kept alive their use claim when they brought their section 183 action. However, even if we were to give the complaint such a generous interpretation, we conclude that appellants then abandoned any claim of government use in their memorandum in opposition to the government's motion for summary judgment.

The government's motion for summary judgment asserted as follows: "[A]lthough [plaintiffs'] administrative claim alleged use by the Government, [their] complaint omits that allegation." Appellants' response indicated that they were not pursuing their earlier use claim. After stating that "[t]he Government apparently assumes that plaintiffs have conceded their inability to prove 'Governmental use,' one of the two types of damages which the Government believes is needed to establish a viable cause of action for infringement," appellants inserted the following footnote: "Plaintiffs respectfully reserve the right to amend or supplement their complaint so as to plead allegations of Governmental infringement, should they develop evidence to support their allegations." Appellants then continued: "[T]he complaint ... properly alleges a form of 'use' which is

---

**2.** Appellants explain their "exclusive option" theory in their appeal brief: "Weiss' contention throughout the district court proceedings was that the use of the invention for five years by the United States was equivalent to the taking of ... the right to license the patent application exclusively. Counsel characterized this appropriation as that of what was in effect an 'option.' " At oral argument, counsel for appellants also explained that "since the government had the right, under secrecy, to investigate the patent and thereafter do something with it, the practicality was that Professor Weiss could not license that patent exclusively to a non-governmental licensee."

sanctioned by Section 183. This "use" is the temporary governmental appropriation of the invention, equivalent to an exclusive option for the period of the Secrecy Orders."

By stating that they reserved the right to amend their complaint to assert a use claim, appellants made it clear that they were not then asserting such a claim. In addition, in their response, appellants omitted discussion of what they had referred to as "actual use" in their November 10, 1999 claim letter; specifically, they made no mention of potential testing and evaluation of the Weiss technology by the government. In the above excerpt, appellants did allege what they called "a form of use," but they then explained that the "use" which they were claiming related to their "exclusive option" theory. As just seen, that theory was based upon their alleged inability to exclusively license the invention as a result of the secrecy orders. That was a damages claim, not a use claim. The district court properly concluded that appellants had abandoned their use claim.

■ Appellants argue that, assuming their complaint was deficient, the district court should have allowed them to amend it. In that regard, they point to the last sentence of their memorandum in opposition to the government's motion for summary judgment, which stated: "[I]f the Court should determine that the complaint is deficient as pleaded, it should condition any order of dismissal or of summary judgment upon the prompt filing of an amended complaint." However, the district court did not find appellants' complaint deficient, and appellants did not specify to the district court in what way they wished to amend their complaint.

Because appellants appeared to have abandoned their use claim, the district court had no way of divining that they might wish to amend their complaint to assert such a claim. The district court therefore did not abuse its discretion in failing to afford appellants the opportunity to amend their complaint.[3]

## IV.

■ On appeal, appellants maintain their damages claim by asserting that the imposition of the two secrecy orders caused them damage by depriving them of the ability to exclusively license the Weiss invention. We have carefully considered appellants arguments and have found no error in the thorough and well-reasoned decision of the district court. As the district court noted, the United States always maintains the option of taking private property as long as it provides just compensation, and the secrecy orders neither enhanced nor diminished that power. Although appellants were permitted to disclose the Weiss invention to foreign nationals, they presented no evidence of any actual or potential customers, domestic or foreign. They also did not attempt to patent the invention in any foreign country, even though the secrecy orders allowed them to do so. In addition, appellants presented no evidence that they ever attempted to license the invention or that anyone was interested in licensing the invention. Although the secrecy orders did delay the issuance of the Weiss patent, appellants presented no evidence that they were damaged by the delay. Our predecessor court has stated that to prove damages resulting from the imposition of a secrecy order under 35 U.S.C. § 183, the

---

3. Appellants further contend that they were entitled to discovery to determine whether the government used the Weiss invention. Again, we see no reason for the district court to have provided discovery because appellants explicitly abandoned their use claim and did not seek discovery with respect to that claim.

court does "not allow purely speculative damages but ... require[s] real concrete evidence of damages.". *Lear Siegler, Inc. v. United States,* 225 Ct.Cl. 663, 665 (1981); *See also Constant v. United States,* 223 Ct.Cl. 148, 617 F.2d 239, 244 (Ct.Cl.1980). Because appellants presented no evidence of damages, the district court properly granted summary judgment to the government on the damages claim.[4]

For the foregoing reasons, final decision of the district court is affirmed.

Each party shall bear its own costs.

---

4. The district court did not err in rejecting appellants' request for discovery on its damages claim because any evidence that could possibly show damages resulting from the secrecy orders would "not be found in the United States's files."